This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                         **NO. 30,677**

**HECTOR HERRERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for trafficking cocaine. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has responded

with a memorandum in opposition and a motion to amend the docketing statement to add an additional issue. As we are not persuaded by Defendant's arguments, we deny the motion to amend and we affirm.

**Confrontation Clause**

Defendant contends that the district court erred in admitting Officer Dominguez's testimony that Officer Gunter packaged the substance that was later determined to be cocaine, prepared the state lab request form, and placed the substance in evidence at the police department. [DS unnumbered page 2] In this Court's notice of proposed summary disposition, we proposed to hold that the admission of this testimony did not violate Defendant's right to confront the witnesses against him.

In Defendant's memorandum in opposition, Defendant asserts that Officer Gunter's conduct of placing the substance into evidence "shows non-verbal assertive conduct and requires the declarant of that testimonial conduct to be available and the defendant an opportunity to confront and cross-examine the declarant." [MIO 6] It is not clear what Defendant believes that the conduct asserted, other than that the substance was sufficiently relevant to the case to be preserved for testing. In support of his argument, Defendant cites to a United States Supreme Court case discussing whether certain written statements that the government sought to require a suspect to

make would be testimonial for the purpose of the Fifth Amendment privilege against self-incrimination. We are not at all persuaded that this case has any bearing on the claim of a Sixth Amendment Confrontation Clause violation that is at issue in this case. As Defendant has cited no authority that would support his argument that Officer Gunter's acts of packaging a substance, preparing a state lab request form, and placing the substance in evidence at the police department would constitute testimonial evidence as that term is defined for purposes of the Confrontation Clause, we assume that there is none. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

In addition, this Court has previously stated that "it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of [a] sample, or accuracy of [a] testing device, must appear in person as part of the prosecution's case." *State v. Nez*, 2010-NMCA-092, ¶ 8, 148 N.M. 914, 242 P.3d 753, (internal quotation marks omitted), *cert. denied* 2010-NMCERT-9, 149 N.M. 49, 243 P.3d 481. Here, Officer Dominguez's testimony regarding Officer Gunter's conduct simply established the chain of custody. The admission of this testimony did not violate Defendant's rights under the Confrontation Clause.

**Motion to Amend**

Defendant moves to amend the docketing statement to add a claim that the

3

district court abused its discretion in denying Defendant's motion for reconsideration

of his sentence. [MIO 6-8] However, Defendant concedes that his sentence was legal and notes that the majority of his prison time was suspended. *See State v. Cumpton*, 2000-NMCA-033, ¶ 10, 129 N.M. 47, 1 P.3d 429 (indicating that the imposition of a sentence authorized by statute is not an abuse of discretion). As Defendant cites no authority to support his argument that the district court's refusal to grant even greater leniency than it granted was an abuse of discretion, we conclude that this issue is not viable and we deny Defendant's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument offered in support the issue to be raised was not viable).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**ROBERT E. ROBLES, Judge**