This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                          **NO. 30,866**

**RICKY VEGA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kathleen T. Baldridge
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Defendant appeals his conviction for failure to return leased equipment. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant

has filed a memorandum in opposition and a motion to amend the docketing statement. We have considered Defendant's arguments, and as we are not persuaded by them, we deny the motion to amend and we affirm.

**The Right to Present a Defense**

Defendant contends that he was denied his due process right to present a defense that it was his brother, and not he, who was criminally liable for the failure to return the leased property. [DS unnumbered page 3] In our notice of proposed summary disposition, we proposed to find no violation of Defendant's right: first, because it appeared that Defendant failed to preserve this argument; second because Defendant did not attempt to present any evidence in support of his defense, such that the district court did not actually exclude any evidence that would have supported it; and third, because any limits on Defendant's closing argument were invited by Defendant's successful arguments to the district court that there was insufficient evidence that Defendant's brother was the principal, such that no jury instruction on Defendant's liability as an accessory should be given. [RP 80, 129]

In Defendant's memorandum in opposition, he does not argue that he preserved his argument regarding his due process right to present a defense, that it need not have been preserved, or that it met the requirements of a fundamental error analysis, and we therefore decline to reverse on this basis. *See State v. Nichols*, 2006-NMCA-017,

¶¶ 29-30, 139 N.M. 72, 128 P.3d 500 (refusing to consider the defendant's due process claim on appeal because he had not preserved the issue in the district court). Defendant also makes two new arguments that are seemingly unrelated to his original claim regarding his right to present a defense. With respect to these two new arguments, as with his original arguments, he neither demonstrates that they were preserved or that they need not have been preserved. However, even if preservation were not an issue, we find these arguments unpersuasive. First, Defendant argues that the jury instruction, which simply required the jury to find that Defendant was the person who entered into the written lease agreement, that the agreement specified a time and place that the equipment would be returned, and that Defendant had the intent to defraud the Home Depot when he failed to return the equipment at the specified time and place, somehow "usurp[ed] the jury's function in this case" by "essentially [finding] that the first and third elements of the crime were satisfied[.]" [MIO 9] This argument is clearly without merit. The instruction informed the jury of what the State was required to prove beyond a reasonable doubt in order to establish that Defendant was guilty of the crime. [RP 88] This did not in any way interfere with Defendant's right to present a defense.

Defendant also makes an argument about the constitutional right to compulsory process. [MIO 9] It is not clear how this argument relates to what occurred in this

3

case and we therefore do not address it. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

Defendant acknowledges that he did not attempt to introduce any particular evidence that only his brother, and not he, was criminally liable, but argues that the district court nevertheless erred in some way by deciding that Defendant was guilty and his brother innocent. [MIO 10-11] As we have explained, this is consistent with Defendant's affirmatively and successfully arguing to the district court that there was insufficient evidence that his brother was liable as a principal so as to avoid his liability as an accessory. Therefore, any error the district court made in determining that the parties could not argue that Defendant's brother was the principal in this case was invited by Defendant and will not provide a basis for reversal on appeal. *See State v. Handa*, 120 N.M. 38, 45-46, 897 P.2d 225, 232-33 (Ct. App. 1995) ("To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." (alteration omitted) (internal quotation marks and citation omitted)); *see also id.*, 120 N.M. at 46, 897 P.2d at 233 (stating that fundamental error has no application when the defendant invited the error).

**Ineffective Assistance of Counsel**

4

Defendant contends that he received ineffective assistance of counsel. [DS unnumbered page 3] In our notice of proposed summary disposition, we proposed to conclude that Defendant had failed to establish a prima facie case of ineffective assistance of counsel on direct appeal. We noted that because there is a preference for habeas corpus proceedings over remand, "[a] record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare[,]" *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N .M. 333, 950 P.2d 776, and we proposed to conclude that Defendant's case was not one of those rare cases.

In response, Defendant repeats the arguments made in his docketing statement, without providing new facts of record or authority that would persuade this Court that its proposal was erroneous. Accordingly, we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel on direct appeal. This, of course, does not preclude him from attempting to establish a claim of ineffective assistance of counsel in a habeas corpus proceeding.

**Motion to Amend the Docketing Statement**

Defendant seeks to amend the docketing statement to add a claim that there was insufficient evidence that he entered into a written lease agreement with the Home Depot. [MIO 1-2, 11-14] Defendant suggests that because the evidence

5

unequivocally demonstrated that Defendant's brother signed the lease agreement, there was insufficient evidence that Defendant entered into a lease agreement for property and then, with the intent to defraud the store, failed to return the property in violation of the lease agreement and NMSA 1978, Section 30-16-40 (2006). [MIO 13] Defendant does not argue, and provides no authority for any argument that, as a matter of law, he could not have entered into a written lease agreement unless he himself signed the lease. Instead, he concedes that "[t]he issue arose as to whether [Defendant's brother] signed on behalf of [Defendant]" and argues that "there was no evidence to show that he did or that he had the authority to do so." [MIO 13]

We decline to permit Defendant to amend the docketing statement to add this issue, as it is not viable. *State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the issue to be raised was not viable). Our review of a claim of insufficiency of the evidence is highly deferential to the finder of fact. "[W]e must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Here, there was evidence that Defendant had attempted on two prior occasions to rent the equipment, but was unable to do so because his credit card had been declined. [MIO 3] When Defendant came

6

in the third time for the equipment, he brought his brother with him, and he used his wife's credit card for the rental deposit. [MIO 3] The employee who rented the equipment to Defendant spoke only with Defendant about the rental, although his brother was present. [MIO 3] The employee set up the contract with Defendant, and added Defendant's information to the contract, including Defendant's driver's license number, his address, and phone number. [MIO 3; RP 121] While Defendant was outside with the equipment and Defendant's brother was inside, Defendant's brother asked a different employee if he should sign the contract and the employee said yes. [RP 125] The employee testified that it was not unusual to have one person sign a contract for someone else. [RP 125] When the equipment was not returned on time, an employee called Defendant, who said he was still using the machine and that he would return it later. [RP 125] When the machine was still not returned, the employee again called Defendant, who again said he would return it later. [RP 125] This was sufficient direct and circumstantial evidence that Defendant's brother signed the contract on Defendant's behalf, and that Defendant was the person who was leasing the equipment and was aware that he was under an obligation to return it. Defendant's claim of error is not viable.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**