This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                    **NO. 31,138**

**KENNETH POLSON**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals from the judgment and sentence convicting him after a jury trial of robbery, larceny, aggravated battery, and criminal damage to property. [RP 227] Initially, Defendant challenged the sufficiency of the evidence to support his convictions. [DS 4] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] In the memorandum in opposition and a motion to amend the docketing statement, Defendant also argues that defense counsel was ineffective and that his double jeopardy rights were violated. We deny Defendant's motion to amend the docketing statement because, as discussed in this opinion, we find the new issues not viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument offered in support thereof is not viable). We affirm Defendant's convictions.

**DISCUSSION**

**Sufficiency of the Evidence**

Defendant continues to contend that the jury could not have found sufficient evidence that Defendant was guilty on all counts beyond a reasonable doubt. [MIO 6-11] We affirm.

The memorandum confirms that the jury heard Williamson testify that Defendant forced his way into the home, beat him, and stole and damaged his property. [MIO 9-10] Williamson also identified his injuries and the damage to the

2

house and property in photographs taken by Officer Hanker. [Id.] The officer testified that he took statements from Williamson and Defendant, who gave conflicting versions of the events. [MIO 10] As we discussed in the calendar notice, the jury was properly instructed on the elements of the offenses. [Ct. App. File, CN1, 3-4] The jury, as fact finder in the case, believed Williamson's version of the facts over Defendant's. *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotation marks and citation omitted)); *see also State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (discussing that the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict).

To the extent that Defendant's witnesses presented conflicting evidence, it is well-established that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Moreover, "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other*

*grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

We hold that the State presented testimony and evidence that the jury could reasonably find supported each of the elements of the charged crimes beyond a reasonable doubt. Accordingly, we affirm Defendant's convictions because they are based on substantial evidence.

**Ineffective Assistance of Counsel**

In the motion to amend, Defendant argues that his counsel was ineffective for the following reasons: (1) defense counsel failed to recuse Judge Counts on conflict of interest grounds; (2) he did not subpoena a number of witnesses that Defendant listed for him; (3) the three witnesses defense counsel did call did not give the complete picture of what happened and why; (4) defense counsel did not introduce pawn shop receipts; (5) he did not introduce evidence that Williamson used a baseball bat to attack Defendant; (6) he did not emphasize enough that Defendant's hands were uninjured when Defendant allegedly attacked Williamson with his hands; (7) and (8) he did not try to impeach Williamson's credibility with information that Williamson stole and sold some of Defendant's property to buy drugs, or that Williamson was living in Defendant's house, not Defendant's mother's house; (9) he did not seek to introduce evidence that Williamson's injuries were due to him falling on an octagonal

4

table; and (10) he did not cross-examine the officer on the many inconsistencies of the officer's testimony that contradicted Williamson's testimony. [MIO 12-14]

There is a two-fold test for proving ineffective assistance of counsel: the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.*

In the first calendar notice, we noted that at trial, two of Defendant's witnesses testified that Williamson was not the owner of the furniture or the scaffolding that he alleged was taken from him. [DS 3] In addition, the person who accompanied Defendant, Schroff, testified that they went to Williamson's residence to retrieve property that belonged to Defendant, and while there, Schroff saw property that belonged to Defendant and Schroff. [Id.] Schroff further testified that they did not enter the residence without Williamson's permission. [Id.] Schroff also testified that he did not witness Defendant battering Williamson. [Id.]

As we discussed in Issue I, however, the memorandum confirms that Williamson testified that Defendant forced his way into the home, beat him, and stole and damaged his property. [MIO 9-10] In addition, Williamson identified his injuries and the damage to the house and property in photographs taken by Officer Hanker.

5

[Id.] The officer testified that he took statements from Williamson and Defendant who gave conflicting versions of the events. [MIO 10] As we have discussed, the jury, as fact finder in the case, found Williamson's version of the facts to be credible, and we do not reweigh or resolve conflicts in the facts on appeal.

To the extent Defendant claims that defense counsel should have recused Judge Counts for a conflict of interest, presented more witnesses, and placed more emphasis on Defendant's defenses, we note that the three witnesses defense counsel did present addressed Defendant's defenses, which were that the property was not stolen because it was Defendant's property, and Defendant did not force his way into the home and beat or injure Williamson. The decisions of which witnesses to call and what testimony provides the requisite defense emphasis are strategy decisions that we do not review on direct appeal. *See State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127 (stating that counsel is presumed competent); *see also Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). Moreover, Defendant's discussions with defense counsel as to which witnesses and evidence to call and which are most effective for the defenses are not matters of record on direct appeal. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that if facts necessary to

6

a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition). Finally, to the extent Defendant argues that defense counsel should have recused Judge Counts for a conflict of interest, Defendant does not indicate what the conflict of interest was nor the basis for defense counsel's decision not to recuse him, and thus we have no way of assessing the merits of these allegations on direct appeal. *See id.*

We hold that Defendant has not made a prima facie case for ineffective assistance of counsel and, therefore, we affirm on this issue on direct appeal. *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**Double Jeopardy**

In the motion to amend, Defendant also argues that his double jeopardy rights were violated by his conviction for larceny and robbery. [MIO 16] We are not persuaded.

In *State v. Bernal*, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289, our Supreme Court discussed that this Court has previously recognized that "robbery is distinct from larceny because it requires, and is designed to punish, the element of force." *See State v. Brown*, 113 N.M. 631, 634, 830 P.2d 183, 186 (Ct. App. 1992); *see also* UJI 14-1620 Committee commentary ("The gist of the offense of robbery is

the use of force or intimidation."); *State v. Hernandez*, 2003-NMCA-131, ¶ 9, 134 N.M. 510, 79 P.3d 1118 ("A robbery conviction requires that the force or threatened use of force must be the lever that serves to separate the property from the victim." (internal quotation marks and citation omitted.)). In *Bernal*, we further stated that the two crimes are distinct: "Since robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed to protect citizens from violence. *Compare* NMSA 1978, § 30-16-1 (2006) *with* § 30-16-2." *Bernal*, 2006-NMSC-050, ¶ 28. That is, "[r]obbery is not merely a property crime, but a crime against a person." *Id.* We hold that Defendant's double jeopardy rights were not violated by his convictions in this case for robbery and larceny.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

8

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**

9