This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　**NO. 31,086**

**DAVID CASAS,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

　　Defendant was convicted after a jury trial of criminal sexual penetration and

criminal sexual contact. [RP 102-03] In his docketing statement, Defendant contends that the district court erred in failing to grant him a new trial because a juror came forward believing that he was erroneously and unconstitutionally pressured into reaching a verdict. [DS 1] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition (MIO), and a motion to amend the docketing statement to add a new issue: whether Defendant's counsel was ineffective. [MIO 3] Upon due consideration, we deny the motion to amend the docketing statement because the new issue is not viable on direct appeal. We affirm Defendant's convictions.

**DISCUSSION**

**Original Issue - Alleged jury misconduct.** Almost a month after Defendant was convicted, a juror, Willie Franco approached Defendant's trial attorney. [DS 4] Mr. Franco told Defendant's attorney that he felt he had been unduly forced into reaching a verdict when he was the lone dissenter in a guilty verdict. [Id.] The juror said:

> I am having a really hard time with the way things went during the jury deliberations. This was my first time serving as a juror, which I know is my civic duty and I would do it again, but I wish that the [j]urors right before deliberations were reminded not to pressure their fellow [j]urors and not to make statement [sic] as if they know the law when in fact they are making false statements or guessing.

[Id.; MIO 2] Trial defense counsel filed a motion for new trial or in the alternative

a hearing to determine allegations of jury misconduct. [RP 113] The motion states that the juror feels that he was "forced to vote guilty during jury deliberations." [Id., ¶ No. 2] The State's response requested the motion be denied, because: "Rule 11-606(B) of the Rules of Evidence precludes such inquiry into jury deliberations." [RP 116] The district court agreed with the State and denied the motion. [RP 117] We agree with the district court.

The district court's ruling on a motion for a mistrial is addressed to the sound discretion of the court and will not be disturbed absent a showing of abuse of discretion. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752. Rule 11-606(B) NMRA provides that:

> **Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

"Thus, a juror may testify on the very limited circumstances of whether extraneous prejudicial information was improperly before the jury. Otherwise, the rule prohibits

a juror from testifying as to any matter or statement made during the course of deliberations or to the juror's mental processes." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2010-NMSC-040, ¶ 12, 148 N.M. 561, 240 P.3d 648 (internal quotation marks and citation omitted).

In his memorandum, Defendant contends that even if extraneous prejudicial information was not improperly brought to bear on Mr. Franco, inappropriate "outside influence[s]" were brought to bear upon him. [MIO 6] He argues that "the rest of the jurors acted as an outside influence in seeking, and ultimately succeeding to force Mr. Franco into agreement with the majority position." [MIO 7] He argues that Mr. Franco did not provide to the trial defense attorney "an account of his mental process but instead the influence of other jurors pressuring his decision making process" and therefore a "fundamental miscarriage of justice occurred." [MIO 7-8] We are not persuaded.

Defendant does not cite any authority that the opinion of the majority of the jurors that ultimately persuaded Mr. Franco to change his mind constitutes inappropriate "outside influence," and we know of none. Thus, we hold that the kind of concerns this juror brought to Defendant's attorney relate to the course of jury deliberations and their persuasive effect on this juror's decision-making process, matters upon which a juror may not testify as provided in Rule 11-606(B).

4

To the extent Defendant also argues Mr. Franco was "[u]nconstitutionally pressured into reaching a premature verdict," [DS 1] we noted in the calendar notice that Defendant's motion filed in district court did not raise any constitutional concerns. [RP 113] *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon).

To the extent the memorandum indicates that Defendant's constitutional concerns are that he did not receive a fair trial or an impartial jury where a juror is "forced to not follow a jury instruction and forced to return a verdict inconsistent with his view of the evidence" [MIO 9-10], we are not persuaded. The very fact that Defendant admits that the jurors were properly instructed regarding their deliberation duties indicates that Defendant received a fair trial before an impartial jury. That a juror was ultimately persuaded to join the majority of jurors in convicting Defendant does not persuade us otherwise.

Under the circumstances of this case, we cannot say that the district court abused its discretion in denying Defendant a new trial. We affirm the district court on this issue.

**Defendant's motion to amend - ineffective assistance of counsel.** In the

5

motion to amend the docketing statement, Defendant contends that he was denied effective assistance of counsel. [MIO 11-14] Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985). Because we find this issue is not viable on direct appeal, we deny Defendant's motion to amend the docketing statement. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument offered in support thereof is not viable).

There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.* "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

6

Defendant contends that he made trial counsel aware of witnesses that could testify favorably toward his defense. [MIO 12] Defendant points out that trial counsel failed to subpoena his adopted daughter who would have testified that Defendant reared her without similar incidents alleged in the charges in this case. [MIO 13] According to Defendant, trial counsel also failed to have two persons Defendant recommended as character witnesses testify at trial, trial counsel did not call a witness who would have testified that the victim's grandmother experienced a breakdown due to persons other than Defendant having sexually abused the victim, and trial counsel did not ask the victim's mother about matters relating to Defendant's custody of his son and the credibility of the allegations against him. [Id.] Finally, Defendant contends that his counsel was ineffective for failing to raise Defendant's constitutional concerns about a fair trial and impartial jury in light of juror Mr. Franco's concerns about the deliberations.

We cannot say that Defendant has made a prima facie case of ineffective assistance of counsel on direct appeal. First, Defendant's discussions with trial counsel are not of record and, therefore, they are not subject to review on direct appeal. Second, in the event that Defendant brought these witnesses and matters to trial defense counsel's attention, trial defense counsel's decisions on these matters constitute trial tactics and strategy that do not, in this case, indicate that trial defense

7

counsel was incompetent. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). Finally, we have determined in this memorandum opinion that Defendant received a fair trial before an impartial jury despite juror Mr. Franco's concerns regarding the jury deliberations.

We deny Defendant's motion to amend the docketing statement to add the issue of ineffective assistance of counsel, noting that an ineffective assistance claim may be re-raised in a collateral habeas corpus proceeding. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (same).

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**