878 P.2d 1007

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Evan SOMMER, Defendant–Appellant.**

No. 15350.

Court of Appeals of New Mexico.

May 16, 1994.

Certiorari Denied June 23, 1994.

Sammy J. Quintana, C. Public Defender, Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant appeals the denial of his motion to reconsider his sentence as a habitual offender. Our calendar notices in this case proposed summary affirmance. Defendant has filed timely responses. Finding these arguments unpersuasive, we affirm.

Defendant was convicted of aggravated battery and false imprisonment. He was subsequently charged as a habitual offender. Based on Defendant's admissions, he was convicted of being a habitual offender and sentenced to the custody of the Corrections Department for three years for aggravated battery and eighteen months for false imprisonment. The two sentences were ordered to be served consecutively. Additionally, the trial court ordered that each of the sentences be enhanced by four years for a total sentence of twelve and one-half years. The trial court also suspended two and one-half years of the sentence and placed Defendant on supervised probation for two and one-half years.

Following the imposition of sentence, Defendant, while held in custody, filed a motion alleging that he suffered from adult attention deficit disorder, and requested that his sentence be reconsidered. Due to a mistake, Defendant did not appear at the hearing on his motion to reconsider his sentence. Initially, it was believed that Defendant had refused to allow himself to be transported to the hearing; however, in fact, authorities had attempted to transport the wrong person to the hearing.

At the hearing on the motion to reconsider, Defendant was represented by counsel. His counsel called Dr. David Landau, a psychologist. The witness testified that Defendant's criminal record was related to an attention deficit disorder, that Defendant suffered from the disorder, that the condition was unknown at the time of the original sentence hearing, and that newly available treatment offered promise of rehabilitation in a shorter time period than the length of Defendant's incarceration. The expert also testified that Defendant's refusal to be transported could be related to his disorder and that his medication may need to be adjusted.

The trial court, after learning of the mistake underlying Defendant's failure to appear at the hearing, denied Defendant's motion to reconsider his sentence. The trial court determined that, although Defendant probably suffered from adult attention deficit disorder, in light of his past record and the facts of this case, the court believed that Defendant still poses a danger, and his release or the reduction of his sentence was not warranted. The trial court specifically stated that its decision was not affected by the confusion related to Defendant's failure to appear at the hearing.

■ Defendant contends that he had a right to be present personally at the hearing on his motion to reconsider his sentence under SCRA 1986, 5–801(B) (Effective until August 1, 1992) (Repl.1992). We disagree. SCRA 1986, 5–612(A) (Repl.1992) states: "The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impanelling of the jury and the return of the verdict and the imposition of any sentence, except as otherwise provided by this rule." This rule appears to be predicated on the constitutional right of a defendant to be present at every essential stage of the trial against him. *See State v. Garcia*, 95 N.M. 246, 249, 620 P.2d 1271, 1274 (1980). The rule says nothing about post-conviction hearings, such as the one in this case, at which sentence is not imposed. Moreover, there appears to be no constitutional right for a defendant to be present at such a proceeding, *see United States v. Moree*, 928 F.2d 654, 655 (5th Cir.

1991), and Defendant makes no claim of a constitutional right in this case. In our view, the natural reading of SCRA 5–612(A) did not require Defendant's presence at the hearing in this case.

Moreover, New Mexico statutes support this view. In our calendar notices, we analogized Defendant's motion to reconsider to a motion for post-conviction remedy. Although the trial court in its discretion can direct that a defendant, who is incarcerated, be transported to the hearing on a motion to reconsider, NMSA 1978, Section 31–11–6(C) (Repl.Pamp.1984) states, "A court may entertain and determine [a motion for post-conviction remedy] without requiring the production of the prisoner at the hearings."

■ In addition, under NMSA 1978, Section 39–1–1 (Repl.Pamp.1991), a final judgment entered by the court remains under the control of the court for a period of thirty days following its entry,

> and for such further time as may be necessary to enable the court to pass upon and dispose of [such] motion ...; provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof[.]

We think it is implicit from the language of Section 39–1–1 that it is within the sound discretion of the trial court whether to direct that a defendant be physically present before the court at a hearing to reconsider or modify a prior sentence. Construing the pertinent rules and statutes together, we conclude that a defendant need not be present at a hearing to reconsider a sentence, except where the hearing results in the terms of the sentence being made more onerous.

Precedent from other jurisdictions supports this conclusion. *See Moree*, 928 F.2d at 655. In *Moree* the court recognized that a distinction exists between proceedings that seek to modify an existing sentence and those that impose a new sentence after the original sentence has been set aside. *Id.* The court noted:

> In the former instance, the presence of the defendant usually is not required, unless the modification makes the sentence more

onerous. In the latter instance, however, we have consistently held that a defendant's rights to be present and to allocute at sentencing, which are of constitutional dimension, extend to resentencing proceedings.

*Id.* at 655–56 (footnotes omitted). *See also State v. Urias,* 123 Idaho 751, 852 P.2d 503, 507–08 (Ct.App.1993) (it is within the sound discretion of the court whether to permit presence of the defendant at hearing on motion for reduction of sentence where hearing takes place after the defendant was accorded right to be present at original sentencing hearing); *State v. Buckland,* 245 Kan. 132, 777 P.2d 745, 752 (1989) (where the defendant is represented at hearing, his presence is not required at a motion filed by him seeking to modify existing sentence); *State v. Janis,* 597 P.2d 873, 874 (Utah 1979) (where the defendant was present at all critical stages of the proceedings, and order continuing probation did not change his status, presence of defendant not required).

■ Defendant argues that *Urias, Buckland,* and *Janis* can be distinguished because there was no showing that the defendants were prejudiced by not being present at the hearings held in those cases. Defendant claims that he was prejudiced by not being present at the hearing on his motion to reconsider, because the trial court's mistaken belief that Defendant refused to be transported to the hearing severely compromised the effectiveness of his expert's testimony showing that Defendant was amenable to treatment. As discussed above, however, the trial court specifically stated that the mistake resulting in Defendant not being transported to the hearing on the motion did not influence the trial court's decision to deny the motion to reconsider the sentence, and the trial court did not modify the sentence. *See State v. Hoxsie,* 101 N.M. 7, 10, 677 P.2d 620, 623 (1984) (an assertion of prejudice, without other evidence, does not constitute a showing of prejudice), *overruled on other grounds by Gallegos v. Citizens Ins. Agency,* 108 N.M. 722, 731, 779 P.2d 99, 108 (1989); *State v. Bobbin,* 103 N.M. 375, 378, 707 P.2d 1185, 1188 (Ct.App.) (burden is on the appellant to establish prejudice), *cert. denied,* 103 N.M. 287, 705 P.2d 1138 (1985).

Finally, we find Defendant's motion to amend the docketing statement and the argument offered in support thereof not to be viable. *See State v. Moore,* 109 N.M. 119, 128–29, 782 P.2d 91, 100–01 (Ct.App.) (issues sought to be presented must be viable), *cert. denied,* 109 N.M. 54, 781 P.2d 782 (1989). Thus, we deny the motion.

For the reasons discussed above, we affirm Defendant's convictions and sentences.

IT IS SO ORDERED.

ALARID and HARTZ, JJ., concur.