This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**REGINA BENAVIDEZ,**

Petitioner-Appellant,

v.                                                              **No. 31,296**

**RICHARD SALGADO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Stephen P. Eaton
Albuquerque, NM

for Appellant

Geer, Wissel & Levy
Robert D. Levy
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Benavidez appeals an order granting in part and denying in part her motion to reopen a marital dissolution decree. In this Court's notice of proposed summary disposition, we proposed to affirm. Benavidez has filed a memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. As we are not persuaded by Benavidez's arguments, we deny the motion and we affirm.

**Denial of the Motions to Reopen the Dissolution Decree**

Benavidez's docketing statement raised three issues that all hinge on her assertion that "additional fact investigation" or further "discovery" was a material element of the dissolution decree incorporating the terms of the parties' marital settlement agreement. [DS 11] In our notice of proposed summary disposition, we proposed to disagree and to hold that the plain language of the decree indicates that the decree would be reopened under either of two circumstances: (1) if Benavidez learned—through some channel other than the discovery already produced in the case—that Salgado had failed to disclose assets, or (2) if Benavidez was able to demonstrate that Salgado gave an incomplete response or no response to a discovery request and the incomplete response or failure to respond had a substantial impact on the ownership or valuation of the asset. We stated that Benavidez's proposed interpretation—that discovery would generally remain open even after a final order had been entered on all matters in the case—is contrary to the language and would

2

defeat the purpose of the final decree. Because Benavidez had failed to demonstrate in the district court that either of the two requirements for reopening the decree had been met, we proposed to hold that the district court had not erred in refusing to reopen the decree except insofar as it related to the Corrales property.

In her memorandum in opposition, Benavidez asserts that the district court expressly stated that discovery would remain open even after the entry of the decree. [MIO 2] First, we note that even if the district court's oral statement conflicted with its written order, it is the written order that controls, and we will not consider the oral statement as a basis for reversal. *See Ledbetter v. Webb*, 103 N.M. 597, 604, 711 P.2d 874, 881 (1985). Furthermore, even if we were to consider the district court's oral statement as a basis for reversal, the statement itself does not support Benavidez's position. In Benavidez's own motion in the district court, she asserted that what the court had said was that discovery would remain open *if* Benavidez was able to present evidence of undisclosed assets. [RP 340] This does not reflect an intent that discovery would generally remain open, and instead expressly required Benavidez to make a showing of undisclosed assets before discovery would be opened after the entry of the decree. The determination of what the district court intended by this oral statement was a matter for the district court to resolve. Benavidez brought her arguments to the district court's attention, and the district court rejected them. The

3

district court's own conclusion about the meaning of its prior oral statement is supported by language of the statement itself.

Benavidez asserts that Rule 1-126 NMRA and NMSA 1978, Section 40-4-3 (1973), also support her claim that discovery was left open after the entry of the decree. We do not believe that these authorities support Benavidez's argument that the district court could have entered a final decree as to all matters but nevertheless left discovery open as to some of those matters. But even if they did, there is nothing in these authorities that would have required the district court to leave discovery open in this case, and it did not do so. These authorities do not demonstrate that the district court erred in so deciding.

**Motion to Amend the Docketing Statement**

Benavidez seeks to amend the docketing statement to add a claim that she was improperly denied the opportunity to present evidence that would have warranted reopening the decree. [MIO 4-6 (This argument really starts prior to the section on the motion to amend.)] This Court will not grant a motion to amend when the claim to be raised is not viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

4

We deny Benavidez's motion because we conclude that the issue she seeks to add is not viable. As we have explained, the two bases for reopening the decree were if Benavidez could demonstrate that she had learned that Salgado failed to disclose assets or that Salgado gave an incomplete response or no response to a discovery request and the incomplete response or failure to respond had a substantial impact on the ownership or valuation of the asset. In Benavidez's emergency motion, she asserted that her attorney had reexamined all of the documents that Salgado had provided in discovery and had determined that Salgado had concealed income and assets from Benavidez. [RP 320] The single example Benavidez gave of this kind of concealment was evidence that Salgado's paychecks had not been deposited into the couple's joint bank account for a period of a year prior to the dissolution decree. [RP 321] In response, Salgado stated that he had never deposited his paychecks into the joint account, and that they had always been directly deposited by his employer into his individual account. [RP 330] Salgado stated that this information was documented in the bank statements that had been provided to Benavidez in discovery. [RP 330] Salgado's response affirmatively stated that he had provided all relevant information in discovery and had not concealed any assets. [RP 332] He represented that although he had repeatedly requested that Benavidez provide further information to support her suspicions of undisclosed assets, she had not done so. [RP 332] Salgado

5

pointed out that he was unable to prove a negative, and that it was incumbent on Benavidez to demonstrate that these claimed other assets and income existed. [RP 334] The district court held a hearing and determined that Benavidez had established that she was entitled to reopen discovery to depose Salgado on the limited issue of the sale of an Arizona property and its effect on the parties' interests in the purchase of the Corrales lot. [RP 337] Nothing in Benavidez's docketing statement or memorandum in opposition indicates that she made any representations to the district court or made an offer of proof of any evidence she wished to introduce that would have demonstrated that she could present evidence to demonstrate that Salgado had concealed any other assets. A party is not entitled to an evidentiary hearing on every motion. *See United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 123-24, 597 P.2d 290, 308-09 (1979) (stating that the type of hearing necessary for purposes of due process depends on the nature of the case and that motions are generally decided on the papers, without live testimony). Benavidez argued her motion to the district court, and simply failed to persuade it except with respect to the Corrales property.

In her motion to reconsider, Benavidez made essentially the same arguments she made in the emergency motion. [RP 338-42] Although she again made general allegations that she had substantial evidence that Salgado had undisclosed bank accounts and retirement accounts, she did not state what that evidence was, and she

undermined this statement by saying that she was unable, without further discovery, to know the nature and value of those accounts. [RP 341] In other words, the focus of Benavidez's motion was not that she had specific evidence she wished to present to the district court, but that she wished to conduct further discovery in order to obtain such evidence. [RP 338-42] Salgado responded that Benavidez had refused to provide him with the evidence she claimed to have of the concealed assets and income, but she continued to insist that such evidence existed. [RP 354] He again affirmatively stated that he had provided all information about his separate and community interests. [RP 354-55] The district court held a hearing, and denied Benavidez's motion to reconsider. [RP 357] The order specifically states that the court had heard testimony, offers of proof, and argument, and was signed by Benavidez's attorney. [RP 357] Therefore, we assume that Benavidez had the opportunity to present any evidence she had available to her that Salgado had concealed assets. To the degree that the order does not reflect what actually occurred, Benavidez's memorandum in opposition does not represent that she sought to introduce such evidence, sought to make an offer of proof, or that she actually had such evidence that the district court should have considered.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**