This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 31,720**

**ANDREW GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Gonzales appeals his conviction for driving while intoxicated. In this Court's notice of proposed summary disposition, we proposed to affirm. Gonzales has filed a memorandum in opposition, a motion to substitute an amended memorandum in opposition, a substituted memorandum in opposition, and a motion to amend the docketing statement, all of which we have duly considered. We grant Gonzales's motion to substitute an amended memorandum in opposition. However, as we are not persuaded by the arguments Gonzales makes in his amended memorandum and in his motion to amend the docketing statement, we deny the motion to amend the docketing statement, and we affirm.

**Sufficiency of the Evidence**

In our notice of proposed summary disposition, we proposed to hold that there was sufficient evidence to support Gonzales's conviction for driving while intoxicated. Although Gonzales presented a defense at trial that it was his brother, and not he, who was driving, we proposed to hold that there was sufficient evidence from which a reasonable juror could conclude that Gonzales operated the vehicle during the period that the officer observed the vehicle turn off of the road, into a driveway, attempt to turn into another driveway, and then back up. The officer testified that he saw Gonzales operate the vehicle in the driveway and that Gonzales got out of the driver's seat.

In Gonzales's memorandum in opposition, he continues to argue that because the passenger—Gonzales's brother—testified that it was he who was driving the car and that he and Gonzales switched seats after they stopped, the evidence was insufficient to establish that Gonzales operated the vehicle. We disagree. The officer testified that he did not see the men switch seats, that he saw Gonzales operating the car in the driveway, and that Gonzales was the one who was in the driver's seat when the vehicle was stopped. This was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Gonzales was driving. Furthermore, the jury was permitted to view the video recording taken by the officer's dashboard camera. It was for the jury to weigh the evidence and to resolve any conflicts between the officer's testimony, that of the brother, and the evidence of the videotape. *See State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 993 P.2d 96 (stating that it is the "exclusive province of the jury to resolve factual inconsistencies" in the evidence presented at trial (internal quotation marks omitted)); *State v. Sosa*, 2000-NMSC-036, ¶ 8, 129 N.M. 767, 14 P.3d 32 (observing that the "credibility of witnesses is for the jury" to decide).

**Motion to Amend the Docketing Statement**

Gonzales seeks to amend the docketing statement to add a claim that the district court erred when it permitted a State Laboratory Division analyst to testify by video.

[DS 7-10] Gonzales relies heavily on *State v. Chung*, No. 30,384, slip op. at 3 (N.M. Ct. App. Feb. 9, 2012) to support his argument that the district court erred in permitting the video testimony. However, assuming that the admission of this testimony was error, Gonzales acknowledges that he did not preserve his Confrontation Clause argument in the district court, such that we will reverse his conviction only if the error was fundamental. *See State v. Martinez*, 2007-NMSC-025, ¶ 25, 141 N.M. 713, 160 P.3d 894 (reviewing an unpreserved Confrontation Clause argument for fundamental error). Accordingly, he must demonstrate that he is either indisputably innocent or that the error in permitting this witness to testify by video makes his conviction fundamentally unfair and a miscarriage of justice. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

Gonzales does not argue that he was indisputably innocent, and does not demonstrate that this defect in the proceedings made his conviction fundamentally unfair. Therefore, assuming that it was error to permit the analyst to testify by video, nothing in Gonzales's motion to amend the docketing statement or in the amended memorandum in opposition demonstrates that the error was fundamental. Because

4

Gonzales does not provide any basis for concluding that the error was fundamental, we deny Gonzales's motion to amend the docketing statement. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the issue to be added was not viable).

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**