This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GEORGE LEE and**
**VIRGINIA LEE,**

Plaintiffs-Appellants,

**v.**                                                                          **No. 31,902**

**CARAWAY DRILLING,**

Defendant-Appellee,

**and**

**FNF PROPERTIES, LLC d/b/a**
**YORK RANCH, WILD HORSE**
**DEVELOPMENT CORPORATION,**
**WILD HORSE RANCH, LLC,**
**and JOHN DOES 1-5,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Matthew G. Reynolds, District Judge**

Carter & Valle Law Firm, PC
Richard J. Valle
Albuquerque, NM

for Appellants

Madison & Mroz, P.A.

Gregory D. Steinman
Minal K. Patni
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Appellants George and Virginia Lee (Plaintiffs) appeal from the district court's summary judgment ruling that dismisses their complaint for negligence [RP Vol.I/1] against Appellee Caraway Drilling (Defendant) on the basis that, as a matter of law, there was no evidence to show that Defendant was negligent. [RP Vol.II/452] Our notice proposed to affirm. Defendant filed a memorandum in support, and Plaintiffs filed a memorandum in opposition. We are not persuaded by Plaintiffs' arguments, and therefore affirm.

Plaintiffs continue to argue that the district court erred in granting summary judgment in favor of Defendant. [DS 3-4; MIO 1-4] We review the district court's granting of summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Plaintiffs' theory of the case below [RP Vol.II/351] was that the well was drilled through strata containing methane gas [RP Vol.I/3], and methane rose from the unsealed wellhead [RP Vol.I/3] into the unvented well house [RP Vol.I/4], which resulted in an explosion when the unshielded switch in the well house threw a spark. [RP Vol.I/4; II/350-51; DS 2-3] In support

2

of their position, Plaintiffs maintained that a well drilled through an area known to contain coal would be a cause for concern. [RP Vol.II/382, 384, 385, 387] Plaintiffs maintained also that Defendant, as a drilling company, should have known of the danger presented by flammable gas [RP Vol.II/381-82] and the risk of it accumulating in a well. [RP Vol.II/382]

While Plaintiffs referred to case law for the proposition that "as the risk of danger increases, the duty of care also increases" [RP Vol.II/382; DS 5], they did not develop facts or arguments below or on appeal how this blanket legal proposition applies to Defendant. As presented in Defendant's summary judgment pleadings [RP Vol.2/349, 432] and extensively detailed in our notice, while Defendant may have been aware of flammable gas at the well site [DS 4], the undisputed facts do not support a conclusion that it breached a duty in connection to this knowledge. To this end, the undisputed facts provide that Defendant complied with instructions from an engineering company for drilling the well, and there was no evidence presented that Defendant breached any duty by not enclosing the well casing. To the extent Plaintiffs believe that the unvented well house caused the explosion from the accumulated gas [DS 2; RP Vol.I/4], there was no evidence that Defendant was responsible for or in any way facilitated the construction of the well house. [RP Vol.II/354] Nor was there any evidence presented to show that, even if Defendant had

breached a duty, that such breach caused the accident. In this regard, the facts are undisputed that Defendant, two months before the accident, told the Land Association, of which Plaintiff George Lee is on the Board of Directors [RP Vol.II/350], not to use the well. [RP Vol.II/351, 354] In sum, Plaintiffs failed to present any facts to show that Defendant owed any duty to Plaintiffs, that Defendant breached a duty, or that such a breach caused Plaintiffs' damages. [RP Vol.I/349, 353] *See generally Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181 (setting forth requisite elements for a negligence claim).

As discussed in our notice, Plaintiffs' reference to their attorney's affidavit did not satisfy their burden to show the existence of a genuine issue of fact. While the affidavit of Plaintiff's attorney indicates that an unnamed, licensed New Mexico well driller indicated that the presence of coal should cause a drilling company to be concerned about the possibility of flammable gas accumulating in a well [RP Vol.II/393], the information relayed in the affidavit is not based upon the attorney's personal knowledge. *See* Rule 1-056(E) NMRA (providing that supporting and opposing affidavits must be based on personal knowledge). Apart from this, the general information provided in the affidavit nonetheless does not indicate that Defendant failed to exercise ordinary care in drilling the well in light of the presence of gas in the area.

In apparent recognition that the information in its affidavit was insufficient to show that Defendant breached a duty, Plaintiffs' affidavit states that "Plaintiff has already consulted with a licensed New Mexico well driller . . . [who] requires more information before reaching opinions in this matter" [RP Vol.2/384] and "[m]ore discovery is needed to determine [Defendant's] breach of duty." [RP Vol.II/385, 386, 388, 389; MIO 3] Related to this, in their memorandum in opposition, Plaintiffs raise a specific argument that was not presented in their docketing statement, namely, that they should have been given a continuance for additional discovery under Rule 1-056(F) to develop facts in support of their view that Defendant breached their duty of care. [MIO 3] We view this argument as a motion to amend, and deny it for the reasons that follow.

The explosion that is the subject of this suit occurred on September 16, 2007 [RP Vol.1/3]; Plaintiffs' lawsuit was filed in May 22, 2009 [RP Vol.1/1]; Defendant filed its motion for summary judgment on March 25, 2011 [RP Vol.2/349] and its reply in support of its motion on June 6, 2011. [RP Vol.2/432] The summary judgment hearing was not set until five months after Defendant's reply. [RP Vol.2/450] As such, there was ample time for Plaintiffs to conduct any requisite discovery. [MIS 6-7] Moreover, Plaintiffs made no specific assertion below regarding what type of evidence they needed to elicit from their unnamed expert.

Plaintiffs, for the first time on appeal, provide that they expected to develop facts relating to engineering practices with regard to the ventilation of well pits. [MIO 3] But even though Plaintiffs were given ample time to elicit such facts below, they failed to do so. For this reason, the district court did not err in denying Plaintiffs' request for additional time for discovery. *See generally Bierner v. City of Truth or Consequences*, 2004-NMCA-093, ¶ 25, 136 N.M. 197, 96 P.3d 322 (applying factors to consider in determining if summary judgment has been granted prematurely, which include a consideration of whether the nonmoving party had sufficient time to conduct necessary discovery and whether the nonmoving party gave the court certain information about the particular evidence it still needed). We accordingly deny Plaintiff's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (issues sought to be presented in a motion to amend must be viable).

For the reasons discussed above and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

6

_____

**CYNTHIA A. FRY, Judge**