This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 33,081**

**JOSEPH LOPEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

    for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Santa Fe, NM

    for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals his conviction for aggravated driving while under the influence ("DWI"). He was originally convicted in metropolitan court and appealed

that decision to the district court, which affirmed his conviction. We issued a calendar notice proposing in turn to affirm the district court's decision, and Defendant has filed a memorandum in opposition. We have carefully reviewed the arguments made in the memorandum in opposition, but for the reasons stated herein and in the calendar notice, we affirm Defendant's conviction.

{2}     Defendant's docketing statement challenged the initial stop of his vehicle, arguing it was not supported by reasonable suspicion. In our calendar notice we proposed to hold that this issue was not preserved for our review, because there was no indication it had been raised below and the district court expressly refused to address it. Defendant has responded to the preservation question by raising a new issue – he claims he received ineffective assistance of counsel during his appeal to the district court, because his attorney did not raise the reasonable-suspicion argument during the district-court proceedings. **[MIO 14-19]**  Since this issue of ineffective assistance was not raised in the docketing statement, we construe Defendant's memorandum in opposition as a motion to amend the docketing statement.  For the reasons discussed below, we deny that motion because on the record before us the issue is not viable. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3}     Defendant's claim of ineffective assistance is based on two main arguments, neither of which is supported by the record before this Court. Without any citation to the record, Defendant first argues that the reasonable-suspicion issue was raised in the metropolitan court, but was then abandoned in the statement of appellate proceedings. **[MIO 15]** He then contends, similarly without citation to the record, that the issue was viable and should not have been abandoned, basing this argument on his assumption that the initial traffic stop was premised on a claimed violation of NMSA 1978, Section 66-7-317 (1978), the statutory provision requiring that a change of lane be performed safely. **[MIO 16-17]**

{4}     In support of his first assertion, Defendant claims he made a reasonable-suspicion argument in favor of suppression at the trial, and the trial court denied that motion. **[MIO 15]** He also claims the district court and this court both "recognize" that the argument was preserved at trial but was then abandoned in the statement of appellate issues filed in the district court. **[MIO 15]** There is nothing in the record, however, that supports Defendant's claims. The district court's memorandum opinion merely observes that "[o]n appeal Defendant appears to question but does not expressly dispute the validity of the initial traffic stop . . .." **[RP 89]** This statement obviously refers only to the arguments Defendant has raised on appeal, and says nothing about what motions might or might not have been filed or decided in the

3

metropolitan court. Furthermore, our calendar notice in no way suggested or recognized that Defendant had preserved the issue in the metropolitan court, and we are at a loss to see how Defendant has construed the calendar notice in that manner. Finally, the statement of appellate issues filed in the district court strongly indicates that no argument or motion based on reasonable suspicion was made in the metropolitan court. The only suppression motion referred to in that statement of issues is Defendant's motion to suppress the statements he made after he was handcuffed. **[RP 62]** In sum, based on the record that has been presented to this Court, we find that this issue was not raised in the metropolitan court and was not, therefore, "abandoned" at the district court level as Defendant contends.

{5}      The second pillar of Defendant's ineffective-assistance argument is similarly unsupported factually. As noted above, Defendant maintains the traffic stop was premised on the officer's belief that Defendant had violated the lane-change statute; again, Defendant has provided no citation to the record that supports that assertion. The information we have gleaned from the record indicates that the assertion is incorrect. According to the district court's opinion, which unlike Defendant's memorandum contains citations to the recording of the trial, the deputy testified that he stopped Defendant because he observed Defendant turn a corner and then proceed to drive in the southbound lane even though he was headed northbound, until

4

Defendant suddenly jerked the vehicle over into the correct lane of traffic. **[RP 84]** Also, Defendant's own statement of issues claims he was stopped "for making a wide turn and for not being a smooth driver" and does not mention Section 66-7-317, except to note that he was not cited for failing to maintain a lane. **[RP 68]** Since Defendant has not supported his assertion with any citation to the record, and the assertion is belied by the district court's opinion and Defendant's own statement of issues, we reject the assertion.

{6}     We are left with the facts that the reasonable-suspicion issue was not preserved at the trial level, and was therefore not abandoned at the district-court level. In addition, the deputy's testimony establishes that he had reasonable suspicion to stop Defendant.  The deputy could reasonably believe that a driver who turns a corner, drives the wrong way for some undetermined length of time, and then suddenly jerks the vehicle into the correct lane, is either impaired or in need of some type of assistance. It was not substandard performance for counsel at the district-court level to fail to raise an issue that appeared to be without merit and that had not been raised or litigated at the trial level. For this reason, the claim of ineffective assistance of counsel at the district-court level is not viable, and we reject the motion to amend the docketing statement to raise this issue.

{7} Defendant's argument concerning his next issue, concerning his claimed de facto arrest, is also based on a mis-statement of facts that is not supported by any citation to the record, and is contrary to the district court's recitation of the facts (we note again that the district court's recitation contains citations to the recorded testimony at trial, while the memorandum in opposition contains no such citation). Defendant claims the deputy who stopped him did not notice his bloodshot and watery eyes, the odor of alcohol on his person, and his stumbling until after he was handcuffed and was being "marched" to the patrol car. **[MIO 20]** In the calendar notice, however, we clearly stated that all of these observations were made prior to the handcuffing. That statement was based on the district court's recitation to that effect, and we cited the record proper pages on which the district court's recitation occurred. **[RP 85-87, 92]** We therefore reject Defendant's contrary claim concerning the testimony presented at trial, since that claim is not supported by any reference to a record cite that might corroborate it. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (appellate court indulges every presumption in favor of the correctness and regularity of the lower court's decision). Therefore, the analysis in the calendar notice stands–the deputy had reasonable suspicion that Defendant had been driving under the influence. The deputy also had a sufficient reason to handcuff Defendant for a short time while he pursued his investigation, given Defendant's

initial attempt to flee after he had been stopped. Based on the calendar notice's analysis, which also tracks the district court's analysis, we affirm on this issue without further discussion.

**{8}** Defendant renews his argument that there was insufficient evidence of a willful refusal to submit to chemical testing. As we pointed out in the calendar notice, there was evidence supporting the trial court's determination on this issue and we are required to view that evidence in the light most favorable to that determination. *See State v. Cunningham*, 2000-NMSC-009, 128 N.M. 711, 998 P.2d 176. The memorandum in opposition does not contain any additional facts or contradict any of the evidence recited in the calendar notice; therefore, for the reasons stated in that notice, we affirm on this issue.

**CONCLUSION**

**{9}** We are obliged to express our disappointment with counsel's performance in the memorandum in opposition. In cases such as this one, access to the trial record is available; if counsel intends to make factual assertions that contradict the district court's recitation of the evidence she must support those assertions with citations to the record. Otherwise, we will rightly ignore those assertions and rely on the properly-supported recitation given by the district court. Counsel is instructed to avoid this practice in the future.

{10}     Based on the discussion above and the analysis set out in our calendar notice, we affirm Defendant's conviction.

{11}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**J. MILES HANISEE, Judge**

8