This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 33,895**

**CHARLES RIDLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Defendant appeals his convictions for armed robbery and aggravated battery (deadly weapon). [RP 151, 156-57] Our notice proposed to affirm, and Defendant filed a motion to amend the docketing statement and memorandum in opposition. We deny Defendant's motion to amend, remain unpersuaded by Defendant's arguments, and therefore affirm.

{2} We first address Defendant's motion to amend his docketing statement. Defendant seeks to add the issue of whether the district court erred in failing to declare a mistrial following the prosecutor's opening statement that "[Defendant] is a killer." [MIO 4] Defendant asserts that the statement constituted prosecutorial misconduct because it implied that Defendant had killed in the past and was inflammatory and prejudicial because it led the jury to believe that Defendant was more likely to have committed the violent crimes at issue in this case. [MIO 5-7] Defendant provides that this issue was not preserved below for review, but nonetheless urges this Court to review for either fundamental error or ineffective assistance of counsel. [MIO 4] As Defendant acknowledges, the prosecutor's statement was immediately followed by the prosecutor's statements that "[w]hether or not that is true isn't something that we're dealing with today. What is important about that is the evidence is going to show that [Defendant] purposely took time to put that thought into [Victim's] head." [MIO 2] When viewed in this context, rather than in isolation as presented by Defendant, we

perceive no basis upon which to conclude that the statement was improperly admitted for purposes of supporting fundamental error or an assertion of ineffective assistance of counsel argument premised on a failure to object. [MIO 4] *Cf. State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 (noting that "[t]he first step in reviewing for fundamental error is to determine whether an error occurred [and, if so,] we then consider whether the error was fundamental" (internal quotation marks and citation omitted)); *State v. Sanchez*, 1982-NMCA-155, ¶ 10, 98 N.M. 781, 652 P.2d 1232 (observing that failure to file a non-meritorious motion is not ineffective assistance).

**{3}** Defendant also seeks to amend the docketing statement to add the issue of whether the district court erred in allowing Victim to testify that Defendant said he had killed a man. [MIO 1, 8] As support for this issue, Defendant argues that the evidence was irrelevant and inflammatory. [MIO 9] We disagree. Defendant's conviction, among other matters, required findings that Defendant took currency from Victim by force or violence, or by threatened force or violence. [RP 105, 125] *See* NMSA 1978, § 30-16-2 (1973). Contrary to Defendant's assertion otherwise, evidence of Defendant telling Victim that he had killed a man is directly relevant and probative of threatened force and violence and is additionally a party admission. *See generally*

Rule 11-402 NMRA (providing that relevant evidence is admissible); Rule 11-801(D)(2)(a) NMRA (stating that a party's own admission is admissible non-hearsay).

{4} And lastly, Defendant seeks to amend his docketing statement to argue that cumulative error deprived him of a fair trial. [MIO 12] Because the issues Defendant seeks to add lack viability and because, as discussed below, the evidence was sufficient to support Defendant's convictions, there is no basis for Defendant's argument. *See generally State v. Saiz*, 2008-NMSC-048, ¶ 66, 144 N.M. 663, 191 P.3d 521 ("[W]here there is no error to accumulate, there can be no cumulative error."), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783. In sum, as provided above, the issues Defendant seeks to add are not viable and for this reason we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend based upon a determination that the argument sought to be raised is not viable).

{5} We next briefly address Defendant's continued argument that the evidence was insufficient to support his convictions for armed robbery and aggravated battery (deadly weapon). [DS 2; MIO 13] *See* NMSA 1978, § 30-16-2 (1973); § 30-3-5(A), (C) (1969). Defendant's memorandum in opposition does not provide us with any additional facts or law to persuade us that our proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (providing that, in responding to a summary calendar notice, a party "must come forward and

4

specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons extensively detailed in our notice, we hold the evidence was sufficient to support his convictions.

{6}     Based on the reasoning set forth above and in our notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**RODERICK T. KENNEDY, Judge**