This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. A-1-CA-37356**

**DINO MORGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      Defendant Dino Morgan appealed following his conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore deny the motion to amend, and affirm.

{2}      We will begin with the issues originally raised in the docketing statement, by which Defendant contended that the officer who initiated the traffic stop lacked reasonable suspicion, and asserted that his ensuing arrest was unsupported by probable cause. [DS 18] We previously described the pertinent evidence and set forth our analysis at length in the calendar notice, explaining that both the stop and the arrest were amply supported. [CN 2-7] In the memorandum in opposition Defendant simply renews his prior arguments, without further elaboration. [MIO 11] We therefore adhere to our initial assessment.

{3}      We turn next to the motion to amend, by which Defendant seeks to challenge the propriety of the officer's inquiry into his route, on the theory that this exceeded the permissible scope of the DWI investigation. [MIO 3-11] For the reasons described at greater length below, we conclude that the record before us reflects that the argument is not viable. We therefore reject Defendant's assertion that reassignment

to the general calendar is warranted, [MIO 9-10] and deny the motion to amend. *See generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (indicating that a motion to amend the docketing statement will be denied if the issue sought to be presented is not viable).

{4}     To very briefly summarize the relevant facts, the traffic stop which led to Defendant's arrest and conviction was precipitated by a citizen report of drunk driving. [MIO 4] After locating the specified vehicle, the officer observed indicia of impaired driving. [MIO 4] As previously stated, this supplied reasonable suspicion to initiate the traffic stop and the ensuing DWI investigation. [CN 3-5] After initiating the stop, but prior to administering the field sobriety tests, the officer asked Defendant about the route he was taking. [MIO 4] Defendant contends that this was improper, to the extent that it was unrelated to the basis for the stop. [MIO 4-11]

{5}     Article II, Section 10 of the New Mexico Constitution entails a two-part analysis: first, it requires a reasonable justification for the initial stop; second, it requires that all questions asked during the stop be reasonably related to the reason for the stop, or otherwise supported by reasonable suspicion. *State v. Leyva*, 2011-NMSC-009, ¶ 55, 149 N.M. 435, 250 P.3d 861. In this case, the first part of the analysis is clear. As previously described, the initial stop was supported by reasonable suspicion. Defendant's putative issue concerns the second portion of the analysis. He

3

argues that the officer's questions about his route of travel represented an expansion which required independent reasonable suspicion. We disagree. The New Mexico Supreme Court has previously held, "[q]uestions about travel plans generally do not ask for information about an additional crime beyond that which justified the initial stop." *State v. Duran*, 2005-NMSC-034, ¶ 41, 138 N.M. 414, 120 P.3d 836, *overruled in part and on other grounds by Leyva*, 2011-NMSC-009, ¶ 17.

{6}    Contrary to Defendant's suggestion, [MIO 7-11] this portion of the *Duran* analysis remains unmodified. Moreover, we are unaware of any principled basis for excepting DWI investigations from this general rule. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 ("We are entitled to assume, when arguments are unsupported by cited authority, that supporting authorities do not exist."). And finally, we note that even if Defendant's initial responses led to follow-up questions about the Defendant's circuitous route, [MIO 4] *Duran* illustrates that such questioning was permissible. *See Duran,* 2005-NMSC-034, ¶ 37 (holding that an officer was permitted to ask more detailed questions about travel plans after the defendant described a strange and circuitous route).

{7}    In any event, even if we were to assume that the investigating officer's inquiry about Defendant's route was improper, we find no indication that any evidence was gained by it. As previously described, the traffic stop and ensuing DWI investigation

4

were previously and independently supported by reasonable suspicion. That DWI investigation led to Defendant's arrest and conviction. Under the circumstances, the fruitless inquiry about travel plans supplies no basis for suppression of evidence. *See, e.g., State v. Hall*, 2016-NMCA-080, ¶¶ 16-19, 380 P.3d 884 (holding that an unscripted conversation at a DWI checkpoint gave rise to no constitutional issue, where the officer had reasonable suspicion to pursue the DWI investigation before the conversation occurred); *and see generally State v. Tapia*, 2018-NMSC-017, ¶ 13, 414 P.3d 332 (indicating that the exclusionary rule encompasses only evidence obtained as a result of an illegality, i.e., fruit of the poisonous tree).

{8}    In closing, we observe that the authority upon which Defendant relies, *State v. Bell*, 2015-NMCA-028, 345 P.3d 342, does not support a different result. This case involves nothing akin to the "outrageous," "non-traffic-related inquiries" about "grenades, dead bodies [and] rocket launchers," which patently expanded the scope of the investigation, and which yielded incriminating evidence that was subject to suppression. *Id.* ¶¶ 6, 18-19.

{9}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we deny the motion to amend, and affirm.

{10}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**DANIEL J. GALLEGOS, Judge**