This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37820**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CHARLES JACKSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John C. Bennett, Assistant Appellant Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**    Defendant appeals following his convictions for trafficking a controlled substance. We previously issued a notice of proposed summary disposition, proposing to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

**{2}**    We will begin with the motion to amend, by which Defendant seeks to challenge the district court's imposition of two seventy-five dollar crime victim reparations fees,

one for each of his felony convictions. [MIO 3-5] Defendant argues that insofar as the district court elected to run the correlative sentences concurrently, only one fee should have been imposed. [MIO 4-5] We perceive no merit to this contention. The relevant statute makes clear that the district courts "shall assess and collect" a seventy-five dollar crime victims reparation fee upon conviction for a felony offense, "in addition to any sentence required or permitted by law." NMSA 1978, § 31-12-13(A) (2015). Insofar as this language unambiguously provides that the mandatory fees must be levied *in addition to any sentence*, it is clear that the manner in which sentences are imposed is immaterial; accordingly the district court's election to run Defendant's sentences concurrently has no bearing upon the imposition of the mandatory fees. *See State v. Block*, 2011-NMCA-101, ¶ 17, 150 N.M. 598, 263 P.3d 940 ("Under the plain meaning rule, when a statute's language is clear and unambiguous, we will give effect to the language and refrain from further statutory interpretation." (internal quotation marks and citation omitted)). We note that the various published authorities cited by Defendant are not on point. [CN 4-5] We therefore conclude that Defendant's argument is not viable. Accordingly, the motion to amend is denied. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (indicating that issues sought to be presented in a motion to amend the docketing statement must be viable; if they are not, the motion will be denied).

**{3}**     We turn next to the issues originally articulated in the docketing statement and renewed in the memorandum in opposition. Because the relevant background information has previously been set forth, we will avoid undue reiteration, and instead focus on the specific arguments articulated in the memorandum in opposition.

**{4}**     First, Defendant renews his argument that he was denied discovery of text messages which he contends were deleted by law enforcement officers. [MIO 6-7] As we previously observed, [CN2] this argument is premised on Defendant's unsubstantiated assertions that the text messages existed. Insofar as the district court was at liberty to reject that factual premise, we reject the assertion of error. *See, e.g.*, *State v. Turrietta,* 2013-NMSC-036, ¶ 39, 308 P.3d 964 (rejecting a defendant's claim that his due process rights were violated based on the prosecution's alleged suppression of favorable evidence, where the defendant failed to establish that the additional files existed).

**{5}**     Relatedly, Defendant contends that this case should be assigned to the general calendar in order to resolve the "factual dispute" as to whether the files in question existed, and were withheld. [MIO 7-9] However, this Court is not a fact-finding tribunal. *See State v. Gonzales*, 1999-NMCA-027, ¶ 13, 126 N.M. 742, 975 P.2d 355 ("The vantage of the appellate bench is a poor one from which to assess credibility and perform other components of the fact-finding task."). Clearly, Defendant's assertions were at odds with the testimony of one or more law enforcement officers, [DS 5] and under the circumstances, the district court was at liberty to reject Defendant's position. *See State v. Dawson*, 1999-NMCA-072, ¶ 16, 127 N.M. 472, 983 P.2d 421 (observing that it is for the district court as fact-finder to evaluate credibility, and explaining that the district court is not required to credit a defendant's assertions or protestations). We

perceive no basis for second-guessing the district court's resolution of this matter. *See Turrietta,* 2013-NMSC-036, ¶ 39 (explaining, in a similar situation, that the district court is in the best position to evaluate whether any prosecutorial misconduct occurred).

**{6}** Finally, Defendant renews his challenge to the sufficiency of the evidence, without further elaboration. [MIO 9] We adhere to our initial assessment. [CN 3-5]

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**