This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41047**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**ORLANDO URTIAGA,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Orlando Urtiaga has appealed his convictions for criminal sexual contact of a minor (CSCM), criminal sexual penetration of a minor (CSPM), and false imprisonment. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by the assertions of error. We therefore deny the motion, and affirm.

**{2}**     The relevant background information and principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition and motion to amend.

**{3}**     We will begin with the motion to amend, by which Defendant seeks to advance a double jeopardy challenge to his CSPM conviction and one of his CSCM conviction arising out of the same assaultive episode. [MIO 9-15] This is a double description issue, in relation to which we utilize a two-part analysis. *See State v. Sena*, 2020-NMSC-011, ¶ 45, 470 P.3d 227. First, we must determine whether the conduct underlying the offenses is unitary. *Id.* If so, we must endeavor to ascertain whether the Legislature intended multiple punishments for the unitary action. *Id.*

**{4}**     With respect to the first step of the analysis, we generally evaluate the conduct to determine whether "[s]ufficient indicia of distinctness" separate the illegal acts; if so, the conduct is not unitary, and there is no double jeopardy violation. *Id.* ¶ 46. "Sufficient indicia of distinctness are present when the illegal acts are sufficiently separated by either time or space (in the sense of physical distance between the places where the acts occurred)." *Id.* (alteration, internal quotation marks, and citation omitted). "If these considerations do not suffice to make the determination, resort must be had to the quality and nature of the acts or to the objects and results involved." *Id.* (internal quotation marks and citation omitted). "[W]e have also looked to the elements of the charged offenses, the facts presented at trial, and the instructions given to the jury." *Id.*; *see State v. DeGraff*, 2006-NMSC-011, ¶¶ 28-30, 139 N.M. 211, 131 P.3d 61 (considering the statutory definition of the crime, the instructions given to the jury, and the evidence presented at trial). Importantly, conduct is not unitary "when one crime is completed before another is committed, or when the force used to commit a crime is separate from the force used to commit another crime." *Sena*, 2020-NMSC-011, ¶ 46.

**{5}**     As previously mentioned, the convictions at issue arose out of a single assaultive episode. Victim described the incident as having occurred when her guardian was working late and Defendant was watching her. [MIO 6] Defendant compelled Victim to enter a bedroom and turned on a TV to try to convince her to stay. [MIO 6-7] Defendant then removed Victim's clothes and touched her vagina with his hand. [MIO 7] Thereafter Defendant stuck his penis in her vagina. [MIO 7] Victim testified that Defendant ultimately "got off of her when he heard the door open." [MIO 7]

**{6}**     The foregoing description does not suggest that the illegal acts were separated by significant passage of time or physical distance. We therefore turn to the quality and nature of the acts. *See Sena*, 2020-NMSC-011, ¶ 46. These considerations clearly reflect that the *contact*, which supplies the basis for the CSCM was performed with Defendant's *hand*, whereas the conviction for CSPM was premised on *penile penetration*. Moreover, the conduct upon which the conviction for CSCM is premised was completed before the conduct, which forms the basis for the CSPM commenced. In light of these considerations, we conclude that these are separate acts, the results of which are clearly and meaningfully distinct, such that nonunitary conduct is at issue. *See, e.g.*, *id.* ¶¶ 54-56 (holding that conduct was nonunitary, in a case involving a single

assaultive episode, where evidence that each crime was completed before the other crime occurred, such that the conduct by which CSP was committed was separable and distinguishable from conduct by which CSC was committed). *See generally State v. Armendariz*, 2006-NMCA-152, ¶ 7, 140 N.M. 712, 148 P.3d 798 (observing that "[t]here are also sufficient indicia of distinctness when the conviction is supported by at least two distinct acts or forces, one which completes the first crime and another which is [performed] in conjunction with the subsequent crime" indeed, in any situation, "the key inquiry is whether the same force was used to commit both crimes").

**{7}** In view of the foregoing, we conclude that the additional double jeopardy issue that Defendant seeks to raise is not viable. We therefore deny the motion to amend. *See, e.g.*, *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (illustrating).

**{8}** We turn next to the issues originally advanced in the docketing statement and renewed in the memorandum in opposition, by which Defendant continues to challenge the sufficiency of the evidence to support his conviction for false imprisonment, [MIO 15-21] and argues relatedly that his convictions for false imprisonment and CSCM violate double jeopardy. [MIO 21-23]

**{9}** In support of Defendant's conviction for false imprisonment, the State was required to establish that Defendant restrained Victim against her will, knowing that he had no authority to do so. [RP 112] In satisfaction of these requirements Victim testified that Defendant "grabbed her hand" and "kept trying to pull her in." [MIO 6] Thereafter Defendant touched Victim over her underwear. [MIO 6] She ultimately escaped and locked herself in a bathroom. [MIO 6]

**{10}** As we observed in the notice of proposed summary disposition, the restraint described by Victim supplies an adequate basis for the conviction for false imprisonment. *See, e.g.*, *State v. Cordova*, 1999-NMCA-144, ¶ 23, 128 N.M. 390, 993 P.2d 104 (indicating that victim's testimony that the defendant physically restrained her for the purpose of committing CSCM supported conviction for false imprisonment). Accordingly, we reject Defendant's challenge to the sufficiency of the evidence.

**{11}** With respect to the related double jeopardy challenge, Defendant primarily contends that the restraint of Victim for the false imprisonment charge was "incidental" to the commission of CSCM. [MIO 16-23] In support of his claim of incidental conduct Defendant relies on *State v. Trujillo*, 2012-NMCA-112, ¶ 29, 289 P.3d 238, in which we held "the Legislature did not intend to punish as kidnapping restraint or movement that is merely incidental to another crime." *Id.* ¶ 1. Strictly speaking, *Trujillo* is inapplicable to this case because it pertains specifically and exclusively to the offense of kidnapping. *See id.* ¶¶ 23-42 (considering the history of the kidnapping statutes and the serious nature of that offense, while also emphasizing that we were specifically considering whether the Legislature intended the defendant's conduct to constitute kidnapping under the factual circumstances of that case). Apart from his invocation of *Trujillo*, Defendant's contention that his convictions for false imprisonment and CSCM violate

double jeopardy is fundamentally premised on the assertion that the conduct underlying Defendant's convictions was unitary. [MIO 16-23] We disagree.

{12}   As noted above, conduct is not unitary if "sufficient indicia of distinctness separate the illegal acts" so that the "defendant does not face conviction and punishment for the same factual event." *Sena*, 2020-NMSC-011 ¶ 46 (internal quotation marks and citation omitted). "The proper analytical framework is whether the facts presented at trial establish that the jury reasonably could have inferred independent factual bases for the charged offenses." *State v. Franco*, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104. Importantly, force or coercion exerted prior to the sexual offense itself will support a conviction for false imprisonment. *See State v. Corneau*, 1989-NMCA-040, ¶ 11, 109 N.M. 81, 781 P.2d 1159 (distinguishing restraint before or after criminal sexual penetration from the restraint necessarily involved in every act of criminal sexual conduct). *See generally State v. Montoya*, 2011-NMCA-074, ¶ 31, 150 N.M. 415, 259 P.3d 820 ("Sufficient indicia of distinctness exist when one crime is completed before another." (internal quotation marks and citation omitted)).

{13}   The crime of false imprisonment is complete when the defendant, with the requisite intent, restrains the victim, even though the restraint continues through the commission of a separate crime. *See State v. Dominguez*, 2014-NMCA-064, ¶ 10, 327 P.3d 1092 (recognizing this principle in relation to the offense of kidnapping). "[T]he key to finding the restraint element . . . separate from that involved in criminal sexual [conduct], is to determine the point at which the physical association between the defendant and the victim was no longer voluntary." *State v. Jacobs*, 2000-NMSC-026, ¶ 24, 129 N.M. 448, 10 P.3d 127, *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 72, 478 P.3d 880.

{14}   In this case, to the extent that the factual basis for Defendant's false imprisonment conviction was his act of grabbing Victim by the hand and "pulling her in," [MIO 6] the offense was complete before the CSCM transpired. *See, e.g.*, *State v. Garcia*, 2019-NMCA-056, ¶¶ 19-23, 450 P.3d 418 (concluding there was sufficient evidence of restraint and confinement to support a kidnapping conviction, independent from restraint used during a sexual assault, and stating that, despite "the short time period between [the d]efendant's initial acts and the sexual assault, as well as the confined space in which they occurred, [the d]efendant's actions constituted a completed kidnapping upon preventing [the v]ictim's escape, regardless of the sexual assault that followed" and noting that "[the d]efendant not only restrained [the v]ictim during the sexual assault, but also thwarted her attempt to escape"); *see also Corneau*, 1989-NMCA-040, ¶ 16 (holding that "the restraint which preceded the act of CSP was not the same 'force or coercion' necessary to establish CSP, or the same restraint inherent in CSP"). At that point the association between Defendant and Victim was no longer voluntary, and it was not until Defendant removed Victim's pants and touched her vagina over her underwear that he committed CSCM. The fact that these offenses occurred during the same encounter does not create unitary conduct out of the independent and factually distinct bases for these crimes. *See, e.g.*, *Garcia*, 2019-NMCA-056, ¶¶ 19-23 (arriving at a similar conclusion under analogous circumstances);

*see also Cordova*, 1999-NMCA-144, ¶¶ 21-23 (holding facts supporting convictions for CSCM and false imprisonment were not unitary where the CSCM and false imprisonment were completed at different points in time, though each criminal offense occurred during the same encounter); *State v. Corneau*, 1989-NMCA-040, ¶ 11, 109 N.M. 81, 781 P.2d 1159 (concluding that "[e]vidence exist[ed] in the record to support a finding by the jury that the underlying felony of false imprisonment was separate and apart from any false imprisonment necessarily involved in almost every act of CSP"). We therefore reject the double jeopardy challenge to Defendant's convictions for CSCM and false imprisonment.

**{15}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{16} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**