This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. 33,885**

**JESSE MIGUEL BUSCHALLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant Jesse Miguel Buschalla filed a docketing statement, appealing from his convictions for receiving stolen property and conspiracy to receive stolen property. [DS 2; RP 1, 170]  In this Court's notice of proposed disposition, we proposed to affirm. [CN 1, 11] Defendant filed a memorandum in opposition. We have given due consideration to the memorandum in opposition and remaining unpersuaded, we affirm Defendant's convictions.

**Due Process**

{2}     Defendant continues to argue that he was denied due process when the State violated the district court's order in limine that no testimony be elicited and no reference be made to uncharged misconduct.  [MIO 13]  In our notice of proposed disposition, we suggested that Defendant had failed to preserve his argument.  [CN 2-3]  In response, Defendant states that the argument was preserved because "trial counsel objected during the trial as was noted . . . in the recitation of facts." [MIO 13] Defendant contends that the question is, therefore, "whether the mention of the uncharged conduct prejudiced [Defendant's] right to a fair trial." [MIO 13]  In other words, Defendant contends that he was denied due process and did not receive a fair trial because the State's witnesses mentioned the uncharged conduct, even though the court sustained Defendant's objection to such testimony.  [MIO 13-16]

{3}     Nowhere in Defendant's recitation of facts, however, does Defendant show where he preserved his argument that the witnesses' raising the uncharged conduct violated his due process or his right to a fair trial. Although Defendant did object to the discussion of the uncharged conduct itself, he did not then argue that the State's failure to comply with the court's order in limine denied Defendant due process or impinged on his right to a fair trial. [*See* MIO 2-12]

{4}     Specifically, prior to trial, in response to Defendant's motion in limine, the district court stated that witnesses were permitted to specify certain tools if they were able to do so, even if such items were not included in the criminal information, but they were not permitted to simply state that "bags were brought over." [MIO 1] The court further stated that witnesses were not permitted to "mention items that are not charged unless the witness can tie specific items to . . . [D]efendant." [MIO 1]

{5}     At trial, one witness stated that "some of the tools and items" that had gone missing "were recovered" and specified "[t]he pellet gun, jacket, torch, and . . . drill set[.]" [MIO 2] Defendant objected to this testimony based on the court's order in limine, arguing that "it was unduly prejudicial to mention these items" and that "none of these items were listed in the State's Information." [MIO 2-3] The court ordered the State to "stick with items that were charged in the Information." [MIO 3]

3

Defendant's recitation of facts shows no further objections with regard to the second witness's testimony.  [MIO 3]

{6}     The next witness mentioned a dolly that had gone missing and was later recovered in a nearby yard.  [MIO 4]  Defendant again objected based on the court's order in limine but the court allowed the State to discuss the dolly as it related to the foundation the State was establishing.  [MIO 4]  Defendant's recitation of facts shows no further objections with regard to the second witness's testimony.  [MIO 4-5]

{7}     According to Defendant's recitation of facts, Defendant did not object to the testimony of the remaining witnesses.  [MIO 5-11]  When Defendant moved for a directed verdict, he argued simply that there was no proof that Defendant knew or believed that the goods were stolen or that the goods were disposed of.  [MIO 11-12]  Thus, although Defendant objected to specific testimony with regard to the two witnesses, objections that were partially sustained as applicable to the order in limine [MIO 2-5], nowhere in Defendant's recitation of facts does he state that Defendant moved the court for a new trial on the grounds that he was denied due process or a right to a fair trial.  [MIO 2-12]  Defendant has failed to show us where in the record such argument was preserved, and we will not search the record to support Defendant's arguments.  *See State v. Clements*, 2009-NMCA-085, ¶ 19, 146 N.M. 745, 215 P.3d 54 ("This Court will not search the record to find whether an issue was

4

preserved where [the d]efendant does not refer this Court to appropriate transcript references."). As the issue was not preserved, we do not reach the merits. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."); *see also* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

**Renate Osterholt's Testimony**

{8}     Defendant continues to argue that even though his arguments that the testimony of Renate Osterholt denied him a fair trial and was unduly prejudicial were not preserved, he was nevertheless denied a fair trial because of the testimony. [MIO 16-17]  In our notice of proposed disposition, we proposed to conclude that the issues were unpreserved. [CN 3-7] Defendant has not asserted any new arguments, issues, or authorities to allow this Court to consider the merits of the unpreserved argument [MIO 16-17], so we hold that Defendant's second and third arguments were not preserved, and we do not reach the merits. *See Woolwine*, 1987-NMCA-133, ¶ 20 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.");

*see also* Rule 12-216(A) ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

**Sufficiency of the Evidence**

{9} Defendant continues to argue that there was insufficient evidence to find that Defendant knew or believed the property was stolen or to find that Defendant helped dispose of it. [MIO 18] We have already addressed Defendant's argument that there was insufficient evidence to support a finding that Defendant knew or believed that the goods were stolen in our notice of proposed disposition. [CN 7-11] Defendant does not present new facts, arguments, or authority to convince us to reconsider our proposed disposition. [MIO 18-19] As we have previously stated, there was testimony from various witnesses that they suspected the items were stolen, which may have led the jury to conclude the same. [CN 9] Defendant's recitation of facts does not dissuade us that our prior position was incorrect. [*See* MIO 6-10] Accordingly, we refer Defendant to our responses in our notice of proposed disposition. [CN 7-11]

{10} To the extent Defendant contends that everyone's suspicions were assuaged by Leo Carter's assurances, despite the fact that no one seemed to know him very well, and that no one, including Defendant who was with Carter the entire time Carter attempted to dispose of the items, believed the items were stolen, the jury was free to

reject Defendant's interpretation of the evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that "the jury is free to reject [the d]efendant's version of the facts"); *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We do not reweigh the evidence or substitute our judgment for that of the fact-finder as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

{11} With regard to Defendant's argument that there was insufficient evidence to support a finding that he helped dispose of the items, we note that Defendant did not raise this issue in his docketing statement. Accordingly, we treat Defendant's inclusion of this new argument as a motion to amend the docketing statement, and we deny the motion because the issue is not viable. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{12} "In reviewing the sufficiency of the evidence, [an appellate court] must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences[,] and resolving all conflicts in the evidence in favor of the verdict." *State*

7

*v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (alteration, emphasis, internal quotation marks, and citation omitted). "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

{13} As stated in Defendant's recitation of the facts, Defendant was with Leo Carter for a majority of the evening while Carter attempted to dispose of the items. [*See* MIO 6-10] In addition, various witnesses only came into contact with Carter because of their connection with Defendant. For example, Osterholt testified that she did not know Carter, but that she had received a call from Defendant to come over that evening. [MIO 6-7, 8] Osterholt additionally testified that her friend Chris Scott permitted Carter to store the items at the house when Defendant "asked if one of his friends" could do so. [MIO 6-7] Harry Holt also testified that he knew Defendant as a friend and that he agreed to give his friend a ride early in the morning. [MIO 9] When Holt arrived, Defendant was there with another person, Carter, who Holt stated that he did not know. [MIO 9] Nevertheless, Holt agreed to give them a ride with the

bags of items—"enough bags that . . . Carter was sitting uncomfortably in the back seat[.]" [MIO 9] When Holt was suspicious about whether the items were stolen, it was Defendant who told Holt "that there was nothing that was stolen." [MIO 9]

{14} Viewing the evidence in the light most favorable to the guilty verdict, we conclude that this evidence is sufficient to support a finding that Defendant helped Carter dispose of the items. *See Cunningham*, 2000-NMSC-009, ¶ 26; *see also State v. Dowling*, 2011-NMSC-016, ¶¶ 22, 27, 150 N.M. 110, 257 P.3d 930 (recognizing that, when proving intent or knowledge, "it is often the jury's task to glean subjective knowledge from the circumstances of the defendant's act" and stating that "circumstantial evidence alone can sustain a finding of subjective knowledge"); *Kent*, 2006-NMCA-134, ¶ 10 ("Appellate courts do not weigh the evidence or substitute any judgment for that of the jury."). Accordingly, Defendant's argument is not viable. We therefore reject the motion to amend his docketing statement to raise this argument.

{15} For the reasons set forth here and in our notice of proposed disposition, we affirm Defendant's convictions.

{16} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

9

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**