# SUPREME COURT OF THE UNITED STATES

## ANTHONY C. PITRE *v.* NATHAN CAIN ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 09–9515.   Decided October 18, 2010

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of certiorari.

Petitioner Anthony Pitre, a Louisiana state prisoner, stopped taking his HIV medication to protest his transfer to a prison facility. He alleges that respondents at the facility punished him for this decision by subjecting him to hard labor in 100-degree heat. According to Pitre, respondents repeatedly denied his requests for lighter duty more appropriate to his medical condition, even after prison officials twice thought his condition sufficiently serious to rush him to an emergency room. In response to one such request, respondent Cain expressly acknowledged in a letter attached to Pitre's complaint that Pitre was "dealing with unnecessary pain and suffering, as well as cruel and unusual punishment," but he accused Pitre of "bringing it on himself" by refusing to take his medication. App. F to Pet. for Cert. (Exh. A-2). Cain concluded, "If you are suffering because of your own choices, so be it." *Ibid.* As a result of respondents' actions, Pitre alleges, his already-fragile medical condition deteriorated even further.

The courts below deemed these allegations insufficient to state an Eighth Amendment violation. The Magistrate Judge concluded that Pitre had been "'hoist by his own petard,'" Report and Recommendation in No. 2:08–CV– 1894 (WD La., Apr. 29, 2009), p. 9, App. C to Pet. for Cert., and *sua sponte* recommended dismissing the complaint as "frivolous," see 28 U. S. C. §1915(e)(2)(B)(i). The District Judge adopted this recommendation. Judgment in No.

2:08–CV–1894 (WD La., May 27, 2009), App. C to Pet. for Cert.  The Fifth Circuit summarily affirmed, concluding, "Mr. Pitre has been given medical care, but he refuses to take medication which results at times in physical problems.  Evidence of conscious indifference is not presented." 354 Fed. Appx. 142, 143 (2009) *(per curiam)*.

The Fifth Circuit's error in requiring Pitre to produce "evidence" in support of his allegations before a responsive pleading was filed, in and of itself, is sufficient reason to reverse the judgment below.  See *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 564, n. 8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations"). More fundamentally, however, in focusing on Pitre's own contribution to his health problems, the courts appear to have misunderstood the nature of Pitre's Eighth Amendment claim.  His *pro se* complaint and attachments thereto, "liberally construed," *Estelle* v. *Gamble*, 429 U. S. 97, 106 (1976), allege not that respondents denied him medical care but that they punished him for refusing to take medication, or attempted to coerce him to take medication, by subjecting him to hard labor that they knew exceeded his medical limitations.

"The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions."* *Cruzan* v. *Director, Mo. Dept. of Health*, 497 U. S. 261, 278 (1990).  A prison regulation infringing an interest

———————
*In the District Court, Pitre also claimed a liberty interest created by state law.  See La. Rev. Stat. Ann. §15:860 (West 2005) ("Except as to compliance with the sanitary laws and all reasonable regulations relating to contagious and infectious diseases, any sane patient or sane inmate of the Louisiana State Penitentiary may decline any medical care or treatment offered or provided by the institution and provide other care for himself at his own expense").

in avoiding unwanted medication is valid if it is "'reasonably related to legitimate penological interests.'" *Washington* v. *Harper*, 494 U. S. 210, 223 (1990) (quoting *Turner* v. *Safley*, 482 U. S. 78, 89 (1987)). We have thus held that prison officials may forcibly treat a mentally ill inmate with antipsychotic drugs "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Harper*, 494 U. S., at 227. We have not considered, however, whether prison officials may require inmates with HIV to take medication, such that the refusal to do so might justify the imposition of sanctions by such officials.

Even assuming respondents had a legitimate penological interest that outweighed a right to refuse HIV medication, that interest would not permit respondents to punish Pitre, or to attempt to coerce him to take medication, by subjecting him to hard labor that they knew posed "a substantial risk of serious harm." *Farmer* v. *Brennan*, 511 U. S. 825, 837 (1994); see also *Hope* v. *Pelzer*, 536 U. S. 730, 738 (2002). To determine whether prison officials' conduct violates the Eighth Amendment in the context of prison conditions, we ask whether "the officials involved acted with 'deliberate indifference' to the inmates' health or safety." *Ibid.* (quoting *Hudson* v. *McMillian*, 503 U. S. 1, 8 (1992)). Pitre's complaint alleges that respondents subjected him to labor that they knew posed "a substantial risk of serious harm" to his health notwithstanding his pleas for a more appropriate assignment, *Farmer*, 511 U. S., at 837, and he even attaches a letter from a prison official implying as much. This is more than sufficient to state a claim of deliberate indifference. See *ibid.* (holding that a prison official violates the Eighth Amendment if he denies "an inmate humane conditions of confinement [if] the official knows of and disregards an excessive risk to inmate health or safety").

To be sure, Pitre's decision to refuse medication may

have been foolish and likely caused a significant part of his pain. But that decision does not give prison officials license to exacerbate Pitre's condition further as a means of punishing or coercing him—just as a prisoner's disruptive conduct does not permit prison officials to punish the prisoner by handcuffing him to a hitching post, see *Hope*, 536 U. S., at 738. Pitre's allegations, if true, describe "punitive treatment [that] amounts to gratuitous infliction of 'wanton and unnecessary' pain that our precedent clearly prohibits." *Ibid.* I cannot comprehend how a court could deem such allegations "frivolous." Because I believe that Pitre's complaint states an Eighth Amendment violation, I would grant the petition for a writ of certiorari and reverse the judgment below.