This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                         **NO.33,928**

**RUDY VALLEJOS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Defendant appeals his conviction for felony driving while under the influence

(DWI). We issued a notice of proposed disposition proposing to affirm, and Defendant

has responded with a motion to amend the docketing statement and a memorandum in opposition. We have carefully considered the arguments raised by Defendant but remain convinced that affirmance is the appropriate result in this case. Therefore, for the reasons stated in this Opinion and in the notice of proposed disposition, we deny the motion to amend the docketing statement and affirm Defendant's conviction.

**Motion to Amend**

{2}     Defendant contends the district court erred in admitting into evidence a lab report containing evidence of Defendant's blood-alcohol content (BAC). In his docketing statement, Defendant objected to the district court's admission of the lab report on foundational grounds and cited no Confrontation Clause cases as supporting authority for his argument against admission of the report. [DS 5-6] We proposed to reject Defendant's lack-of-foundation argument and to affirm the district court's admission of the evidence. Now Defendant moves to amend his docketing statement to include a Confrontation Clause argument. This argument is based on the fact that a lab analyst conducted the test of Defendant's blood and prepared a draft report containing the results of the testing, but the report was reviewed and finalized by a lab supervisor who did not testify at trial. Defendant contends the report should not have been admitted into evidence because the supervisor was not available for cross-examination. For purposes of this Opinion, we accept trial counsel's belief that she

preserved this issue at trial by referring to the Confrontation Clause during her argument, although counsel is not entirely certain on that point. [MIO 5]

{3}    Defendant's argument is not viable because, for Confrontation Clause purposes, the testimonial evidence that was admitted at trial was not the report itself but the information contained in the report—Defendant's BAC results as revealed by the testing performed by the analyst. *See State v. Huettl*, 2013-NMCA-038, ¶ 37, 305 P.3d 956 (pointing out that testimony that is based upon a non-testifying analyst's conclusions and analysis is "clearly impermissible" under the Confrontation Clause)*; see also Bullcoming v. New Mexico*, ___ U.S. ___, 131 S.Ct. 2705, 2715-16 (2011) (holding that, to satisfy Confrontation Clause, the analyst who performed the blood-alcohol analysis must testify and be available for cross-examination concerning the testing process employed by the analyst). In fact, if the supervisor had been offered as a witness in this case, it would have been proper to reject his testimony on Confrontation Clause grounds, because there is no indication that he independently tested Defendant's blood or arrived at independent conclusions that were based on raw data generated by the analyst. *See Bullcoming*, ___ U.S. ___, 131 S. Ct. at 2716 (rejecting the New Mexico Supreme Court's holding that a lab supervisor could constitutionally testify as to the results of tests performed by a different analyst and noting that the state did not assert that the supervisor had any independent opinion

about the defendant's BAC); *Huettl*, 2013-NMCA-038, ¶¶ 36-37 (holding that, while an expert may testify as to her own opinion based on raw data generated by a non-testifying analyst, the expert may not testify about the contents of a report that is based on testing performed by a non-testifying analyst).

{4} In this case the analyst who performed the testing of Defendant's blood appeared as a witness and was available for cross-examination. The analyst testified that he broke the seal on the blood container and performed the test and then prepared a report showing the results of the test. [MIO 5-6] That report was then reviewed by the supervisor, who finalized the report. [Id.] It is clear that, according to the information contained in the docketing statement and motion to amend, the supervisor performed no independent testing of the blood and reached no independent conclusions concerning the results of the testing. For that reason, the Confrontation Clause did not require that the supervisor testify in order to make the report admissible at trial; instead, the analyst was properly allowed to testify about the substantive contents of the report, including the tests he performed and the results of those tests.

{5} We note that Defendant suggests that the lab report may have constituted a "separate accusation" by the supervisor because it may have "reflected his review of the data." [MIO 9] However, there is nothing in the docketing statement or in the tape log from the trial that indicates this was the case. [DS *passim*; RP 118-19] As we pointed out above and in the notice of proposed disposition, the analyst testified that

4

he performed the testing and prepared the report setting out the results of the test, which was then reviewed by the supervisor. We have been provided no evidentiary support for an assertion that the supervisor performed any independent analysis at all, either of Defendant's blood or of the results of the testing of that blood. In sum, the report signed by the supervisor merely reflected his review of the analyst's draft report, not an independent accusation of Defendant and was therefore not subject to the restrictions of the Confrontation Clause. *Cf. Bullcoming*, ___ U.S. ___, 131 S. Ct. at 2716; *Huettl*, 2013-NMCA-038, ¶¶ 36-37.

{6}     Since the issue Defendant attempts to raise is not viable, we deny his motion to amend the docketing statement. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58,  878 P.2d 1007 (denying the defendant's motion to amend the docketing statement because the argument offered in support of the motion was not viable).

**Memorandum in Opposition**

{7}     Defendant again argues that the State failed to lay a sufficient evidentiary foundation for the admission of the lab report. As we discussed in the notice, the lab report is considered a business record, and the analyst who created the substance of the report was qualified to authenticate the report for purposes of the Rules of Evidence. *See State v. Nez*, 2010-NMCA-092, ¶¶ 3, 14, 148 N.M. 914, 242 P.3d 481; *Roark v. Farmers Grp., Inc.,* 2007-NMCA-074, ¶ 24, 142 N.M. 59, 162 P.3d 896. We therefore affirm on this issue.

5

**{8}** Defendant also repeats his argument that the analyst should not have been allowed to testify because he was not disclosed as a witness until eight days before trial. Defendant maintains that trial counsel did not have an adequate opportunity to research the analyst's background or investigate his assertions about the testing he performed or the test results because the district court's cure for the late disclosure was simply to allow counsel to interview the analyst briefly before he testified. Defendant acknowledges that a district court's ruling concerning late disclosure of evidence is reviewed only for an abuse of discretion. *State v. Duarte*, 2007-NMCA-012, ¶ 14, 140 N.M. 930, 149 P.3d 1027. No such abuse has been demonstrated here. Defendant can offer only vague assertions concerning his inability to investigate the analyst's background and the testing methods employed by the analyst. These assertions, lacking any concrete information about what Defendant believed he could discover if he had more time to investigate the analyst, are insufficient to establish that Defendant was prejudiced by the late disclosure of the analyst as a witness. We affirm the district court's decision allowing the analyst to testify at trial.

**{9}** Defendant's final argument repeats his claim that he received ineffective assistance of counsel because trial counsel successfully excluded evidence of the existence of Defendant's intoxilyzer device from the trial and advised Defendant not to testify. In addition, Defendant argues that if trial counsel did not preserve for appeal

6

the Confrontation Clause issue discussed above, then that failure constituted ineffective assistance.

**{10}** As to the last claim, we have assumed that the Confrontation Clause argument was preserved and have found it to be without merit. Therefore, even if it was not preserved, Defendant was not prejudiced by trial counsel's purported failure to raise the meritless argument, and as a result did not receive ineffective assistance from his attorney. *See State v. Chandler*, 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249 (stating that it is not ineffective assistance of counsel to fail to make a motion that lacks merit).

**{11}** With respect to the intoxilyzer argument, an obvious tactical reason exists for trial counsel's actions—preventing the jury from learning that Defendant had a prior conviction or convictions for DWI. Therefore, these actions, without more, do not establish ineffectiveness. *See State v. Ortega*, 2014-NMSC-017, ¶ 55, 327 P.3d 1076 (holding that a prima facie case of ineffective assistance of counsel does not exist where there is a plausible, rational strategy explaining the attorney's actions).

**{12}** Finally, Defendant recognizes that his claim concerning trial counsel's advice that he not testify depends on facts that are not of record. [MIO 18] He asks that the case be remanded for an evidentiary hearing or that we note that he may raise this issue in post-conviction proceedings. We decline the request to remand because Defendant has not established a prima facie showing of ineffective assistance; again,

a plausible trial strategy (preventing Defendant from possibly being cross-examined about his prior DWI convictions) existed for trial counsel's actions. *See id.*; *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517 (holding that a case will be remanded for an evidentiary hearing only where a prima facie showing of ineffective assistance has been made on appeal). Defendant remains free to attempt to raise this issue in any post-conviction proceedings he may be eligible to file. *See Arrendondo*, 2012-NMSC-013, ¶ 44 (raising ineffective assistance claim on direct appeal does not preclude defendant from subsequently pursuing habeas corpus action where more facts can be developed).

{13}    Based on the foregoing, we affirm Defendant's felony DWI conviction.

{14}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**



_____
**JAMES J. WECHSLER, Judge**