This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40745**

**CITY OF HOBBS,**

      Plaintiff-Appellee,

v.

**CHRIS NIELSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

City of Hobbs Legal Department
Valerie S. Chacon
Hobbs, NM

for Appellee

Law Office of Ross R. Bettis
Ross R. Bettis
Hobbs, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appealed following his conviction for operating a motor vehicle under the influence of intoxicating liquor or drugs (DWI). [RP 144] We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed both a memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore deny the motion to amend, and affirm.

**{2}** Because the relevant background information has previously been set forth, we will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition and the motion to amend. We will begin with the issues originally raised in the docketing statement.

**{3}** Defendant continues to challenge the admission of his blood alcohol content (BAC) test results. [MIO 2-3; AmDS 6-7] For the reasons described in the notice of proposed summary disposition, [CN 2-3] we perceive no error. The memorandum in opposition addresses neither our analysis nor the authorities upon which we relied. Under the circumstances, and in the absence of meaningful elaboration or citation to relevant supplemental authority, we adhere to our initial assessment of this matter, and reject the assertion of error.

**{4}** Defendant also renews his challenge to the district court's treatment of evidence concerning field sobriety testing, based on both the officer's alleged failure to comply with the National Highway Traffic & Safety Administration (NHTSA) guidelines concerning utilization of alternative tests for individuals with disabilities, and the allegedly diminished evidentiary value of the officer's observations. [MIO 2-3; AmDS 11-13] Once again, the memorandum in opposition fails to acknowledge the analysis and authorities set forth in the notice of proposed summary disposition. [CN 3-5] Defendant also conspicuously disregards the district court's unequivocal determination that Defendant failed to alert the officer to his alleged disability, and he makes no effort to address the significance of that failure. [RP 137-42] Instead, Defendant simply continues to assert that the district court should have taken a different view of this matter, and weighed the evidence differently. This is wholly unpersuasive. We therefore reject Defendant's contentions.

**{5}** Finally we turn to the motion to amend, by which Defendant seeks to raise an additional issue concerning probable cause. [AmDS 7, 12-13] "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. Insofar as Defendant was arrested for DWI, the "probable cause inquiry is whether it was objectively reasonable for the officer to believe that Defendant had been driving while he was to the slightest degree impaired, that is unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner." *Id.* (internal quotation marks and citation omitted).

**{6}** In this case the officer initiated the traffic stop as a consequence of Defendant's near-collision with his vehicle, and the ensuing arrest was based on the officer's observation of Defendant's bloodshot watery eyes, slurred speech, odor of alcohol, admission to drinking, and poor performance on field sobriety tests. [RP 136-39] These observations satisfy the probable cause requirement. *See, e.g.*, *Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot watery eyes, odor of alcohol, admission to drinking, and poor performance on field sobriety tests, inter

alia); *Granillo-Macias*, 2008-NMCA-021, ¶ 12 (holding that an officer had probable cause to arrest for DWI where the defendant smelled of alcohol, was unsteady on his feet, and did not perform field sobriety tests well); *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI following a collision where the officer noticed bloodshot watery eyes, slurred speech, and odor of alcohol, and where the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and did not perform the field sobriety tests well); *State v. Ruiz*, 1995-NMCA-098, ¶¶ 3-4, 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where police observed the defendant speeding and weaving, the defendant admitted to having been drinking, the officer noticed bloodshot watery eyes, slurred speech, and a smell of alcohol, and the results of the field sobriety tests were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, ¶ 17, 141 N.M. 713, 160 P.3d 894;

**{7}** We understand Defendant to contend that his physical limitations so diminished the evidentiary value of the field sobriety tests that his poor performance should not have been regarded as indicative of probable cause to arrest. [AmDS 7, 12-13] However, given Defendant's failure to alert the officer to his condition, [RP 138-40] we perceive no merit to the contention. *See State v. Sanchez*, 2001-NMCA-109, ¶¶ 6, 10, 131 N.M. 355, 36 P.3d 446 (indicating that probable cause is determined by reference to the "facts and circumstances *within the officer's knowledge, or about which the officer has reasonably trustworthy information*" (emphases added), and holding that an arresting officer was not required to attribute the defendant's refusal to participate in field sobriety testing to a physical condition or disability which the defendant did not explain at the time).

**{8}** In light of the foregoing considerations, we conclude that the probable cause issue is not viable. We therefore deny the motion to amend. *See generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (observing parenthetically in relation to motions to amend docketing statements that issues must be viable, and denying such a motion on that basis).

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**