This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40650**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON WIGGINS,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Sharon D. Walton, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mallory E. Harwood, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals his conviction, following a bench trial in metropolitan court, for driving while under the influence of intoxicating liquor or drugs (DWI). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which includes a motion to amend the docketing statement. Having duly considered Defendant's memorandum, we remain unpersuaded and affirm. We also deny Defendant's motion to amend the docketing statement.

**{2}** Defendant seeks to amend the docketing statement to claim error concerning the trial court's ruling prohibiting defense counsel from questioning an officer about how the situation was frightening to Defendant based on Defendant's race-related concerns surrounding policing. [MIO 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Defendant explains that defense counsel tried to cross-examine an officer "about common fears of police by Black men based on current events," and the trial court prohibited that questioning as irrelevant and speculative. [MIO 3] According to Defendant, the trial court's ruling foreclosed an avenue of defense. [MIO 7] "We review the exclusion of evidence for abuse of discretion. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Maples*, 2013-NMCA-052, ¶ 13, 300 P.3d 749 (internal quotation marks and citations omitted). "An evidentiary ruling within the discretion of the court will constitute reversible error only upon a showing of an abuse of discretion and a demonstration that the error was prejudicial rather than harmless." *State v. Smith*, 2016-NMSC-007, ¶ 46, 367 P.3d 420 (internal quotation marks and citation omitted); *see also State v. Campbell*, 2007-NMCA-051, ¶ 14, 141 N.M. 543, 157 P.3d 722 ("A defendant seeking relief because an avenue for [their] defense was foreclosed by an evidentiary ruling must show that [they were] prejudiced by the ruling."). For the reasons that follow, we conclude that even if the trial court's evidentiary ruling was erroneous, Defendant was not prejudiced by the ruling, and thus any error was harmless.

**{4}** Defendant explains that his "overall defense . . . was that cold, fear, and grief were the factors that impaired [Defendant] that night, *not* alcohol." [MIO 11] Defendant argues that the trial court's evidentiary ruling did not allow him "to give an alternate explanation for why he stopped where and when he did, why he spoke the way he did, and why he performed the field sobriety tests the way he did: not because he had drunk alcohol but because he was afraid." [MIO 18] We are not persuaded. Although Defendant was unable to elicit testimony about the racial dynamics of the police encounter, the trial court had before it ample evidence of Defendant's claimed reasons for his behavior on the night of the incident. Notably, evidence was presented that Defendant was coping with a lot of stress, had attended a funeral earlier, and was dealing with a missing child in the family. [MIO 3] There was additional evidence that it was a cold night and that Defendant informed the officer he was under the care of a chiropractor. [MIO 4] An officer also testified that the traffic stop took place in a

frightening neighborhood, and additionally acknowledged that police presence could intimidate anyone. [MIO 1, 8, 17] Accordingly, the trial court was aware of several factors that may have affected Defendant during the encounter, and Defendant had the opportunity to argue about how those factors contributed to his impairment. [MIO 7-8, 11] We therefore disagree that Defendant was foreclosed from presenting a defense based on a theory that his behavior was caused by factors unrelated to intoxication. *See Campbell*, 2007-NMCA-051, ¶ 14 (explaining that a defendant must show that the trial court's ruling "may have made a potential avenue of defense unavailable" (internal quotation marks and citation omitted)); *see also State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (directing courts to consider, "[w]hen assessing the probable effect of evidentiary error . . . whether the erroneously admitted evidence was merely cumulative"); *State v. Johnson*, 2004-NMSC-029, ¶ 39, 136 N.M. 348, 98 P.3d 998 (explaining that "cumulative evidence merely augments or tends to establish a point already proved by other evidence" (emphasis omitted)).

**{5}** In addition, despite evidence of numerous factors that may have contributed to Defendant's behavior, the trial court still determined that alcohol was a contributing factor to Defendant's impairment. [MIO 6-7] As we explained in our notice of proposed disposition, the State was not required to prove that Defendant's impairment was primarily caused by intoxication. [CN 3-4] Even though there was abundant evidence of other possible factors that may have impacted Defendant, the evidence presented was nevertheless sufficient to prove that Defendant was impaired, to the slightest degree, by alcohol. *See, e.g.*, *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (holding that the defendant's driving, odor of alcohol, bloodshot and watery eyes, admission to drinking, and poor performance on field sobriety tests "supports a reasonable inference that [the d]efendant was under the influence of alcohol" despite the defendant's alternate explanations for his behavior); *State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M. 32, 162 P.3d 187 (explaining that even though the officer "admitted that other explanations may exist for the condition of [the d]efendant's eyes and speech," that "the jury was entitled to find that [the d]efendant, as a result of drinking liquor, was driving while less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public" (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated). Accordingly, the additional testimony Defendant sought to admit would not have tended to disprove his guilt. *See Serna*, 2013-NMSC-033, ¶ 23 (explaining that "evidence of the defendant's guilt apart from the error" should be considered when assessing "whether there is a reasonable probability that the error contributed to the verdict"); *see, e.g.*, *State v. Torres*, 1999-NMSC-010, ¶¶ 12-13, 127 N.M. 20, 976 P.2d 20 (citing the particular exculpatory testimony that a missing witness—described by the defendant as "the whole show for the [d]efense"—would have given).

**{6}** In light of the foregoing, we conclude that Defendant was not prejudiced by the trial court's evidentiary ruling, and we therefore deny the motion to amend as nonviable. *See Moore*, 1989-NMCA-073, ¶¶ 42-43; *see, e.g.*, *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

**{7}** Defendant also argues, as he did in his docketing statement, that the evidence was insufficient to establish Defendant drove impaired to the slightest degree. [MIO 21-23] However, Defendant's alternative version of the facts and identification of apparent inconsistencies in the evidence are not grounds for us to conclude the evidence was insufficient to support a conviction. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [fact-finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 ("We defer to the [trial] court when it weighs the credibility of witnesses and resolves conflicts in witness testimony."); *see also State v. Martinez*, 2018-NMSC-007, ¶¶ 13, 18, 410 P.3d 186 (concluding, in a case where video evidence was not entirely consistent with an officer's testimony, "that the Court of Appeals . . . contravened the standard of review by independently reweighing the evidence on appeal").

**{8}** Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuades this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**